[Civ. No. 22355. Second Dist., Div. Three. Mar. 3, 1958.]

MARCUS D. ASPEITIA et al., Respondents, v. CALIFORNIA TRUST COMPANY (a Corporation) as Executor, etc., et al., Defendants; CALIFORNIA BANK (a Corporation) as Executor, etc., Appellant.

Samuel S. Adler for Appellant.

Lillie & Bryant and Cy H. Lemaire for Respondents.

VALLÉE, J.—Plaintiffs brought this action against California Trust Company, now California Bank, as executor of the will of Cayetano Minjarez, deceased, to recover moneys alleged to have been paid in violation of the usury law. Plaintiffs had judgment. Defendant appeals.

On December 20, 1950, Minjarez loaned plaintiffs Marcus and Manuel Aspeitia $560; on January 24, 1951—$1,700; on February 16, 1951—$300; on April 3, 1951—$1,440; a total of $4,000. On April 3, 1951, Marcus and Manuel, as first parties, and Minjarez, as second party, entered into a written agreement by which the Aspeitias fictitiously acknowledged receipt of $5,600 and agreed to deliver to Minjarez (1) a third deed of trust for $4,000 on a parcel of realty; (2) a second deed of trust for $4,000 on another parcel of realty; and (3) a chattel mortgage for $1,600 on the fixtures and equipment of a meat market. Marcus and Rose Aspeitia executed two deeds of trust in accord with the agreement naming California Trust Company as trustee and Cayetano Minjarez and his

sister as beneficiaries, and executed the chattel mortgage. The agreement provided:

"The above loan has to be paid off at the rate of $100.00 per month beginning on May 1st, 1951 and continuing until the sum of $4,000.00 has been paid.

"Payments of $50.00 per month on the Chattel Mortgage to start on April 1st, 1952, and continuing until the sum of $1,600.00 has been paid in full. . . .

"When the sum of $5,600.00 has been paid within 41 months from this date, the above documents held as guarantee will be reconveyed. It is understood that payments will be $100.00 for the first year and thereafter $150.00 per month. TIME is of the Essence."

There was much evidence that only $4,000 was loaned and that the $1,600 was interest. At the trial, counsel for defendant stated "there is no question in my mind that perhaps in this situation they might have paid usury." By January 3, 1953, plaintiffs had paid $2,000 on the obligations. Minjarez died on April 25, 1953, and defendant is the executor of his will. On July 21, 1954, proceedings were commenced to foreclose the two deeds of trust referred to in the agreement. The foreclosure sale was noticed for December 7, 1954. On December 6, 1954, defendant demanded that plaintiffs pay an additional $4,073.73, consisting of $3,890.95 claimed principal and interest and $182.78 foreclosure costs. Plaintiffs borrowed $4,073.73 from a Mr. Nordin and gave him a promissory note in that amount, and a chattel mortgage and an assignment of rents as security therefor. On December 6 Nordin paid the $4,073.73 to defendant in behalf of plaintiffs.

On July 7, 1954, plaintiffs filed an action in the Superior Court of the County of Los Angeles (not this action) for declaratory relief, seeking a decree declaring that the agreement of April 3, 1951, was usurious. On July 19, 1955 (after the payment of the $4,073.73 to defendant on December 6, 1954) plaintiffs filed a supplemental complaint in that action praying for treble damages. Defendant demurred to the supplemental complaint on the ground payment of the usurious interest was not a proper matter for a supplemental complaint. The demurrer was sustained with leave to amend. At that time the court advised plaintiffs' counsel that a new and separate action should be commenced. Plaintiffs did not amend the supplemental complaint. On October 10, 1955, on stipulation, an order was made dismissing the supplemental complaint. The present action was filed October 26, 1955.

The complaint in this action contains substantially the same allegations as did one of the counts in the supplemental complaint. In its answer in this action defendant alleged the foregoing facts with respect to the prior action and that the order dismissing the supplemental complaint is a bar to the prosecution of this action. The trial court found that the order dismissing the supplemental complaint was not a bar to the prosecution of this action and "it is true that plaintiff did not amend said Supplemental Complaint and did join with defendant and stipulate in effect that the Supplemental Complaint might be dismissed with prejudice to the further filing of said cause of action in that particular action. The Court specifically finds that there has been no previous hearing upon the merits of the within action and that the dismissal of the previous action was based merely on rules of procedure relating to supplemental complaints and the stipulation of the attorneys."

Defendant asserts the order dismissing the supplemental complaint in the prior action is a bar to the prosecution of this action as a matter of law. It appears that the order dismissing the supplemental complaint originally stated it was "with prejudice," but at a later time those words were stricken on the ground their insertion in the order was a clerical error.

A mere statement that a judgment of dismissal is "with prejudice" is not conclusive. "It is the nature of the action and the character of the judgment that determines whether it is res judicata. The intention of the court to make a determination on the merits may be important, but if the judgment is clearly not on the merits, the court's intention is immaterial. A dismissal without prejudice, on the other hand, is not a bar to another action by the plaintiff on the same cause. In other respects, however, it has the effect of a final judgment in favor of the defendant, for it terminates the action and concludes the rights of the parties in that particular action. . . . An order of dismissal containing no statement whatever that it is made without prejudice is not a bar to a subsequent action, unless the record shows that there was an actual determination on the merits. (16 Cal.Jur.2d, Dismissal, etc., § 5.)" (*Gagnon Co., Inc.* v. *Nevada Desert Inn,* 45 Cal.2d 448, 455 [289 P.2d 466].) The record does not show that there was an actual determination of the prior action on the merits. The order of dismissal of the supplemental complaint in the prior action is not a bar to this action.

■ Defendant asserts the findings are unsupported because plaintiffs did not pay Minjarez any usurious interest during his lifetime. No authority is cited in support of the point. It is not tenable. An obligation once usurious is always usurious as long as its original existence continues. (91 C.J.S. 653, § 76.) The obligation here was usurious in its inception and its original existence continued after the death of Minjarez to and including the payment of $4,073.73 to defendant.

■ It is urged that payment to defendant by Nordin did not constitute payment by plaintiffs. The court found it did and the finding is supported. Nordin testified he loaned the money to plaintiffs and he paid it to defendant in their behalf. The effect of the transaction was payment by plaintiffs to defendant. In fact defendant in effect so concedes for it says ''It is the general rule of law in the State of California that if someone pays the usurious interest for and on behalf of a borrower at the borrower's request it does not change the fact that usury has been paid by the borrower direct.''

On April 27, 1954, at the request of defendant, Marcus and Rose Aspeitia signed an offset statement in which they stated that the original principal was $5,600; they had received full consideration for the agreement of April 3, 1951; that the agreement was valid; and they had no offsets, claims, or defenses against it. The statement was postdated to April 25, 1953, the date of death of Minjarez. The offset statement was not signed by Manuel Aspeitia. On the same day— April 27, 1954—Marcus and Rose, at defendant's request, delivered a letter to it in which they promised to pay $150 or more a month on the indebtedness. Marcus Aspeitia testified that he told defendant's representative at the time the offset statement and letter were given that $1,600 of the obligation was interest and that defendant's representative said it was not. The court found plaintiffs were not estopped by reason of the offset statement and letter from contending that the payment of $4,073.73 to defendant included usurious interest. Defendant contends the offset statement constituted a compromise or settlement—a waiver—of plaintiffs' claim and estops them from claiming that the payment of $4,073.73 constituted usurious interest. The point is not tenable. The offset statement was not a compromise or settlement of plaintiffs' claim. ■ The offset statement and the accompanying letter were in effect merely a renewal of the original promise to pay. The original agreement was ''null and void'' as to the stipulation to pay interest. (2 Deering's Gen. Laws, Act

3757, § 2.) The signing and delivery of the offset statement and the letter did not give it validity. *Westman* v. *Dye,* 214 Cal. 28 [4 P.2d 134], says the taint of usury in the original transaction attaches to all renewals thereof and quotes from *Gladwin State Bank* v. *Dow,* 212 Mich. 521 [180 N.W. 601, 13 A.L.R. 1233], thus (p. 38):

" 'If a transaction is usurious in its inception, it remains usurious until purged by a new contract; and all future transactions connected with or growing out of the original are usurious and without valid consideration. An original taint of usury attaches to the whole family of consecutive obligations and securities growing out of the original vicious transaction; and none of the descendant obligations, however remote, can be free of the taint if the descent can be fairly traced.' "

"Where the original transaction is usurious, it can never become validated by subsequent dealings unless the usury is purged." (91 C.J.S. 646, § 65.)

 Defendant claims "the evidence pertaining to usury preponderated in favor of the defendant and not in favor of the plaintiffs as the court found." The question as to where the preponderance of the evidence lay was for the trial court. The question on review is whether there is any substantial evidence to support the findings. Manifestly there is. Whether a transaction is usurious is a question of fact. (*Middlekauf* v. *Vinson,* 106 Cal.App.2d 204, 207 [234 P.2d 742]; *Murphy* v. *Ablow,* 123 Cal.App.2d 853, 858 [268 P.2d 80].)

The evidence supports the findings and the findings support the judgment.

Affirmed.

Shinn, P. J., and Patrosso, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.