[Civ. No. 39273. First Dist., Div. One. Mar. 24, 1977.]

HENRY KAHN, Plaintiff and Appellant, v.
MELVIN KAHN, Defendant and Respondent.

## COUNSEL

William P. Daley for Plaintiff and Appellant.

Trump, Kouba & Dickson, Angell, Adams & Holmes and John B. Dickson for Defendant and Respondent.

## OPINION

**LAZARUS, J.***—We are confronted on this appeal with a crucial question that seems to be of first impression in this jurisdiction: Is the dismissal of an action invoked as a sanction under Code of Civil Procedure section 2034, subdivision (b)(2), for failure to comply with the discovery rules a dismissal on the merits barring another action involving the same parties and subject matter?

This litigation arises from a dispute over property rights between two brothers who were former partners in a furniture business. The appeal is from a judgment of dismissal of the second of two suits (the first being the one in which sanctions were applied) commenced by Henry Kahn against Melvin Kahn pursuant to an order sustaining a demurrer without leave to amend. It is conceded that both actions were based on the same causes of action. The demurrer to the complaint in the second case was sustained on the ground that "the former action is res judicata and a bar to maintenance of this action."

The original lawsuit was commenced on November 30, 1971, by Henry in the Alameda County Superior Court to impress a constructive trust on four parcels of real property. They included commercial properties in

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Oakland and Alameda, and a duplex and an unimproved lot in Alameda. The gravamen of the complaint was that before their estrangement a fiduciary relationship existed between them. During that happier period in their relationship, Henry, upon the advice and urging of Melvin, transferred title to each of the parcels of real property to the latter without consideration. While these transactions occurred at different intervals of time, the complaint makes it clear that each took place at a time that Henry was having either business or marital problems and were calculated to shield his real property from the reach of his creditors or his wife. It was also averred that on each occasion it was orally agreed that Henry would continue to make the mortgage and tax payments for each parcel and that Melvin would reconvey the property to Henry on demand. Thereafter Henry did in fact make the payments for each of the four parcels of property. Finally, the complaint alleged, in 1964 Henry made demand upon Melvin for a reconveyance of the property. Negotiations as to the terms of the reconveyance continued until 1971, but without progress. Henry therefore concluded that his brother's adamant position with regard to the negotiations was tantamount to a refusal to convey the property, hence the ensuing court action. In addition to equitable relief, he also prayed for both general and punitive damages in substantial amounts.

After a number of preliminary skirmishes in the trial court, Henry was cited to appear before Judge John P. Sparrow to show cause why sanctions should not be imposed against him for failure to comply with a discovery order. There was no appearance for appellant on the return date, the attorney who had been substituted for his former counsel having evidently miscalendared the hearing. In any event, on April 3, 1975, Judge Sparrow signed his order that upon defendant's motion, "The Court having duly heard and considered the matter," the cause "is hereby dismissed" on the grounds that "plaintiff has wilfully failed and refused to comply with the orders of this Court to give discovery." There has been no direct attack on that order.

Later, Lawrence Jarvis, the newly retained attorney for Henry, learned what had happened. He thereupon went out to the judge's courtroom and asked the court clerk if the dismissal was with or without prejudice. The clerk, after taking the matter up with Judge Sparrow, returned and informed Jarvis only that the action had been "just dismissed."

Instead of attempting to set aside the dismissal by motion to reconsider or appeal from the judgment, appellant filed the present

action on April 22, 1975. The allegations of the complaint in the new action were almost identical with those set forth in the pleadings in the first action, with one unimportant exception—one of the four parcels of real property described in the original pleading was for some reason omitted from the subsequent complaint. A demurrer to that complaint was filed on May 23, 1975, on the ground that the prior action between the parties based upon the same causes of action was still pending (the time for appeal from the judgment entered therein not having expired). The demurrer prayed, inter alia, for an order barring any further action in the second suit until after final determination of the first action. In response, Henry filed what purported to be a request for voluntary dismissal of the first action. On June 23, 1975, Melvin demurred again to the complaint in the second action, this time on the ground that the judgment in the original case had in the meantime become final, and was res judicata as to all issues in the second suit. The order and judgment from which this appeal was taken resulted.

The primary issue on this appeal is therefore as to whether the dismissal of the first action for failure to comply with the discovery orders was actually an adjudication on the merits which would bar the subsequent action.[1] Respondent presents other issues (raised for the first time on appeal) as alternative grounds for affirming the judgment below. These include questions involving the bar of the statute of limitations and the application of the unclean hands doctrine. Such matters will, of course, become moot if this court agrees with respondent that the final judgment of dismissal in the first action must be deemed to have had the force and effect of an adjudication on the merits. Since we do agree for reasons that follow, it becomes inappropriate for us to pass upon these collateral issues.

I. *The prior judgment was res judicata, barring a subsequent action involving the same parties and subject matter.*

Appellant earnestly relies upon the well settled rule that a judgment of dismissal is not res judicata unless it was on the merits. (*Gonsalves* v.

---

[1]Respondent attempts to argue that the dismissal of the first action was based upon a persistent course of refusal by Henry to comply with discovery orders, and was not the result of any sudden pique on the part of the trial judge. Accordingly, he has requested this reviewing court to take judicial notice of the entire record in the first action, including transcripts of various hearings and depositions, to substantiate the implied finding of wilful disobedience to the court orders. But the propriety of Judge Sparrow's dismissal of the first action is in no way in issue here. Appellant permitted his judgment to become final without objection, so that however drastic, this court must assume that the judgment is supported by substantial evidence.

*Bank of America* (1940) 16 Cal.2d 169, 172-173 [105 P.2d 118]; *Goddard* v. *Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 52-53 [92 P.2d 804]; *Campanella* v. *Campanella* (1928) 204 Cal. 515, 520-521 [269 P. 433].) He argues that a dismissal as a discovery sanction (unless otherwise specified in the order) is merely a procedural technicality that is not dispositive of the case on its merits.[2] Respondent contends otherwise, arguing that as a matter of statutory construction, and under federal case law construing the res judicata effect of a dismissal under Federal Rules of Civil Procedure rule 37(b)(2)(C) (the progenitor of Code Civ. Proc., § 2034, subd. (b)(2)), the judgment below should be affirmed. Both parties concede at the outset, however, that as heretofore noted, the question is one that has never before been the subject of appellate decision in California.

We therefore start our uncharted course with the following precept taken from *Moch* v. *Superior Court* (1919) 39 Cal.App. 471 at pages 475-476 [179 P. 440], "In considering the question whether or not this judgment was an adjudication of the merits of the controversy, it must be conceded that the use of the word 'dismissed' is not determinative. The cases are not rare wherein judgments or orders purporting to be merely 'dismissals' have been held to be final adjudications upon the merits. This question is to be determined, not on the basis of any single word or phrase used, but upon a consideration of the entire 'judgment,' together with the pleadings and the findings, in the light of the provisions, the scope and the apparent purpose of the [applicable] court law."

The grounds on which an action may be dismissed are generally prescribed by statute.[3] We must therefore look first to the statutory framework from which the present inquiry must be resolved.

*a. The prior judgment is res judicata under the applicable statutory provisions in California as reasonably interpreted.*

[2]For a discussion of this distinction, generally, see *Goddard* v. *Security Title Ins. & Guar. Co., supra,* 14 Cal.2d 47 at pages 50-55. *Goddard* held that notwithstanding a recital in a federal court judgment based upon a federal court order sustaining a demurrer that the action was "dismissed with prejudice," it was not to be deemed res judicata in a subsequent action in the California courts. This was because it affirmatively appeared on the face of the record that the demurrer was sustained for defects in form, without the court ever reaching the merits, and it was still possible for plaintiff to plead a good cause of action.

[3]For circumstances under which a court may exercise its inherent discretionary power to dismiss an action, see 1 California Jurisprudence Third, Actions, sections 238-257, pages 709-750.

Code of Civil Procedure section 2034, subdivision (b)(2), the statutory basis for the dismissal in the instant case, states in pertinent part: "If any party or person for whose immediate benefit the action or proceeding is prosecuted or defended . . . refuses to obey an order made under subdivision (a) of this section . . . the *court may make such orders in regard to the refusal as are just,* and among others the following: . . . [¶] (iii) *An order* striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof,* or *rendering a judgment by default* against the disobedient party; . . ." (Italics added.)

Various express grounds for involuntary dismissal are conferred on the courts by Code of Civil Procedure sections 581-583 as part of title 8, chapter 1, under the title "Judgment in General." Sections 581, 581a, 581c and 583 state generally the statutory grounds for dismissal, either with or without prejudice. All dismissals ordered by the court when filed and entered in the manner prescribed by statute "shall constitute judgments and be effective for all purposes." (Code Civ. Proc., § 581d.) Finally, section 582 reads: "In all other cases [presumably those not mentioned in tit. 8, ch. 1] judgment shall be rendered on the merits." ■ ■■■However, the latter section does not apply where the record affirmatively shows that there was not an actual determination on the merits.[4]

The civil discovery statutes (Code Civ. Proc., §§ 2016-2035), it has been said, are intended " '(1) to give greater assistance to the parties in ascertaining the truth and in checking and preventing perjury; (2) to provide an effective means of detecting and exposing false, fraudulent and sham claims and defenses; (3) to make available, in a simple, convenient and inexpensive way, facts which otherwise could not be proved except with great difficulty; (4) to educate the parties in advance of trial as to the real value of their claims and defenses, thereby encouraging settlements; (5) to expedite litigation; (6) to safeguard against surprise; (7) to prevent delay; (8) to simplify and narrow the issues; and, (9) to expedite and facilitate both preparation and trial.' (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].)" (*Williams* v. *Travelers Ins. Co.* (1975) 49 Cal.App.3d 805, 810 [123 Cal.Rptr. 83].) ■ Accordingly, under section 2034 of the Code of Civil Procedure the trial court is granted broad discretionary

---

[4]This includes dismissals on grounds such as delay or want of prosecution, improper venue, formal defects in pleadings, lack of jurisdiction, or prematurely filing suit.

powers to enforce its discovery orders. The court may not act arbitrarily, however, and, " 'The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment.' " (*Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 782 [66 Cal.Rptr. 776]; see also *Crummer* v. *Beeler* (1960) 185 Cal.App.2d 851, 858 [8 Cal.Rptr. 698].) Nevertheless, the power of the trial court to impose its "severest sanction"—dismissal—against a recalcitrant plaintiff has been upheld. (*Williams* v. *Travelers Ins. Co., supra,* at pp. 810-811; *Petersen* v. *City of Vallejo, supra,* at pp. 783-784; *Cornwall* v. *Santa Monica Dairy Co.* (1977) 66 Cal.App.3d 250 [135 Cal.Rptr. 761].)

Certain canons of statutory construction may be of guidance here. ▮ In order that the legislative intent be given effect, a statute should be construed with due regard for the ordinary meaning of the language used, and in harmony with the whole system of law of which it is a part so that none of its provisions shall be useless or meaningless. (*Anaheim Union Water Co.* v. *Franchise Tax Bd.* (1972) 26 Cal.App.3d 95, 106 [102 Cal.Rptr. 692].) Likewise, the provisions of the same code relating to the same subject matter are to be construed together as one act, as though all were passed at the same time. (*Rose* v. *State of California* (1942) 19 Cal.2d 713, 723 [123 P.2d 505].) Furthermore "Significance should be given, if possible, to every word, phrase, sentence and part of an act." (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723].) ▮ Since statutes must be given a reasonable and common sense construction in accordance with the apparent purpose and intention of the lawmakers, courts may consider the consequences that might flow from a particular interpretation, and construe the statute with a view to promoting rather than defeating its general purpose and the policy behind it. (*Anaheim Union Water Co.* v. *Franchise Tax Bd., supra,* at p. 105.)

With these principles in mind, to read Code of Civil Procedure section 2034 as appellant does, would, in our view, render that section both unfair and internally inconsistent, and would tend to defeat the underlying legislative purpose. ▮ ▮▮▮ Section 2034, subdivision (b)(2)(iii) authorizes inter alia entry of a default judgment against a defendant for failing or refusing to comply with the court's discovery

orders.[5] ▮ A judgment by default is res judicata as to all issues aptly pleaded in the complaint, and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint. (*Horton* v. *Horton* (1941) 18 Cal.2d 579, 585 [116 P.2d 605]; *Maddux* v. *County Bank* (1900) 129 Cal. 665, 668 [62 P. 264]; *Morenhout* v. *Higuera* (1867) 32 Cal. 289, 295-296; *Fitzgerald* v. *Herzer* (1947) 78 Cal.App.2d 127, 131-132 [177 P.2d 364].) ▮ Nevertheless, the power of a trial court to apply the "ultimate sanction of default" against a litigant who persists in an outright refusal to comply with his discovery obligations has been consistently upheld. (*Housing Authority* v. *Gomez* (1972) 26 Cal.App.3d 366, 371-373 [102 Cal.Rptr. 657]; *Fred Howland Co.* v. *Superior Court* (1966) 244 Cal.App.2d 605, 612 [53 Cal.Rptr. 341]; *Unger* v. *Los Angeles Transit Lines* (1960) 180 Cal.App.2d 172, 187 [4 Cal.Rptr. 370, 5 Cal.Rptr. 71].)

The *ratio decidendi* behind such cases appears to be on the theory that a persistent refusal to comply with an order for the production of evidence is tantamount to an admission that the disobedient party really has no meritorious claim or defense to the action. It was thus explained in *Unger*: " 'The *Hammond [Packing Co.* v. *Arkansas* (1909) 212 U.S. 322 (53 L.Ed. 530, 29 S.Ct. 370)] case . . . makes it clear that a defendant's answer may be stricken and default judgment entered for failure to secure attendance of witnesses and to produce documents; the Court's theory was that "the preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense." ' " (*Unger* v. *Los Angeles Transit Lines, supra,* at p. 187.)

▮ Moreover, section 582 of the Code of Civil Procedure would seem to compel a finding that dismissal for failure to comply with discovery orders constitutes an adjudication on the merits. Section 577 et seq. of the Code of Civil Procedure deal with the effect to be given judgments in California. Sections 581, 581a and 581c specify when and under what circumstances a judgment of dismissal shall be with prejudice to the cause. A judgment of dismissal on the ground of failure to comply with orders of the court to make discovery is not among those specifically mentioned. But section 582 provides, "*In all other cases*

---

[5]Unlike a dismissal, a judgment by default can never be given unless the defendant fails to answer, subject, perhaps, to the special exception as a discovery sanction under Code of Civil Procedure section 2034. (*Wilson* v. *Goldman* (1969) 274 Cal.App.2d 573 [79 Cal.Rptr. 309].)

judgment shall be rendered on the merits." If this section is to have any meaning at all, therefore, a judgment of dismissal for noncompliance with discovery orders must come under the statutory command and have the effect of a judgment against the plaintiff on the merits. (*Amestoy Estate Co.* v. *City of Los Angeles* (1907) 5 Cal.App. 273, 275 [90 P. 42]; see *Merritt* v. *Campbell* (1874) 47 Cal. 542, 548; *McCord* v. *Martin* (1920) 47 Cal.App. 717, 726-727 [191 P. 89].)

Appellant seeks to avoid this construction by reliance on *Campanella* v. *Campanella, supra,* 204 Cal. 515, and *Aspeitia* v. *California Trust Co.* (1958) 158 Cal.App.2d 150 [322 P.2d 265], as authority to the contrary. But those cases merely hold that an order of dismissal is not a bar to a subsequent action if it appears from the face of the record that there was in fact no determination on the merits in the original court proceeding. However, as noted above, the persistent refusal of a party to make discovery results in a presumption, as a matter of law, that the asserted causes of action are without merit.

To uphold appellant's interpretations of Code of Civil Procedure section 2034 would in some instances reward a party guilty of dilatory conduct. Suppose the conduct of the evasive party were so flagrant as to amount to insubordination and a resolute intent to disobey any further court orders. To permit such a party to suffer no consequences other than the delay of filing a new action after his first has been dismissed would seem to be an absurdity not intended by the Legislature. As the court stated in *Nasser* v. *Isthmian Lines* (2d Cir. 1964) 331 F.2d 124 at page 128: "In the light of so sad a history of dilatory conduct, a holding that Nasser may simply ignore his default and the court's order and judgment—as if they did not exist—and now raise the same claims that were dismissed by Judge Bryan would be to place a premium on default, carelessness and callousness to duty, and would tend to consign the procedural rules designed for expedition in litigation to oblivion. If this conduct were condoned, litigants or their counsel could turn a deaf ear to the processes of the court with impunity, suffering dismissals only to arise phoenixlike in new actions based on the same allegations which the plaintiff years prior failed to litigate. In a judicial system operating within a framework of rules created 'to secure the just, speedy, and inexpensive determination of every action,' such a situation is patently intolerable."

*b. In the absence of contrary precedent in California, this court should follow federal decisional law holding that a dismissal by way of*

*sanctions under the analogous federal rule must be treated as a dismissal on the merits.*

We come to what may be another persuasive reason for affirming the judgment below.

■ Code of Civil Procedure section 2034 and its related sections were proposed to the Legislature for the purpose of adopting the Federal Rules of Civil Procedure and for the express purpose of broadening the preexisting California rules to the end that they would be comparable with those proceedings in the federal courts. (Rep. of Com. on Admin. of Justice, *Discovery* (1956) 31 State Bar J. 204-231.) "These statutes are, in substance, exact counterparts of the federal rules. Therefore, the Legislature must have intended that they should have the same meaning, force and effect as have been given the federal rules by the federal courts (*Scripps Memorial Hospital, Inc.* v. *California Emp. Com.,* 24 Cal.2d 669 [151 P.2d 109, 155 A.L.R. 360]; *Holmes* v. *McColgan,* 17 Cal.2d 426 [110 P.2d 428])." (*Crummer* v. *Beeler, supra,* 185 Cal.App.2d 851, at p. 858; see also *Smith* v. *Superior Court* (1961) 189 Cal.App.2d 6 [11 Cal.Rptr. 165, 88 A.L.R.2d 650].)

The pertinent language of Code of Civil Procedure section 2034 was actually taken verbatim from Federal Rules of Civil Procedure rule 37(b)(2), which states in relevant part as follows: "[T]he court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

Federal decisions involving the effect of dismissals by way of sanctions under the discovery rules are therefore most compelling as precedent to be followed here. We therefore cannot ignore the persuasive effect of the decision in the Second Circuit in *Nasser* v. *Isthmian Lines, supra,* 331 F.2d 124, and its progeny, holding unequivocally that a dismissal ordered as a discovery sanction constitutes a final judgment on the merits. (See also *Papilsky* v. *Berndt* (2d Cir. 1972) 466 F.2d 251, 254 [cert. den., 409 U.S. 1077 (34 L.Ed.2d 665, 93 S.Ct. 689)]; *Stebbins* v. *State Farm Mutual Automobile Insurance Co.* (D.C. Cir. 1969) 413 F.2d 1100, 1102 [134 App.D.C. 193] [cert. den., 396 U.S. 895 (24 L.Ed.2d 173, 90 S.Ct. 194)].)[6]

---

[6]State courts which have been confronted with dismissals for wilful failure and refusal to comply with discovery orders have likewise held that such dismissals were

Appellant seeks to distinguish and avoid the application here of the *Nasser* line of cases first on the ground that those decisions were compelled only because of the provisions of federal rule 41(b). That rule provides in part as follows: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*" (Italics added.)

But the Supreme Court of the United States pointed out in *Societe Internationale* v. *Rogers* (1958) 357 U.S. 197, 207 [2 L.Ed.2d 1255, 1264, 78 S.Ct. 1087] (a case cited by both parties in their briefs), that a discovery dismissal may be exclusively based upon federal rule 37: "In our opinion, whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.' There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery. Further, that Rule is on its face appropriate only as a defendant's remedy, while Rule 37 provides more expansive coverage by comprehending disobedience of production orders by any party. Reliance upon Rule 41, which cannot easily be interpreted to afford a court more expansive powers than does Rule 37, or upon 'inherent power,' can only obscure analysis of the problem before us."

In *Societe Internationale,* a district judge, after making an express finding that the petitioner had shown good faith in its efforts to comply with the court's order for production of voluminous documents, nevertheless dismissed the complaint with prejudice. The Supreme Court held that the rules must be read in light of the Fifth Amendment. The court therefore concluded that in light of the "serious constitutional questions" there presented "we think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that *failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.*" (*Societe Internationale* v. *Rogers, supra,* 357 U.S. 197 at p. 212 [2 L.Ed.2d 1255 at p. 1267]; italics added.)

---

adjudications on the merits. (*Heizman* v. *City of Chicago* (1974) 23 Ill.App.3d 835 [320 N.E.2d 121, 123]; *Gibbs* v. *Trudeau* (Fla.App. 1973) 283 So.2d 889, 890; *Morton* v. *Retail Credit Co.* (1973) 128 Ga.App. 446 [196 S.E.2d 902]; *Maxey* v. *Covington* (1972) 126 Ga.App. 197 [190 S.E.2d 448, 450-451].)

It has not been suggested that there are any such problems in the instant case. This is also true of another federal citation relied upon by appellant, *Lohman* v. *General American Life Insurance Co.* (8th Cir. 1973) 478 F.2d 719, 723-724 (cert. den., 414 U.S. 857 [38 L.Ed.2d 107, 94 S.Ct. 162]), which insofar as pertinent here affirmed the order of a trial judge setting aside his prior order dismissing a complaint for failure of the plaintiff to answer interrogatories on the ground that under the circumstances of the case the dismissal was a denial of due process of law, and therefore void.

These cases are therefore in no way in conflict with *Nasser.* If the *Nasser* line of cases is to be followed, therefore, the language of Code of Civil Procedure section 582 is similar in import to federal rule 41(b) so that a judgment of dismissal as a discovery sanction by a state court must be likewise regarded as a judgment on the merits.[7] Treatment of dismissals under federal rule 41(b) and its counterpart, Code of Civil Procedure section 577 et seq., have also in other respects been substantially similar. We have heretofore referred to the California rule that where the record affirmatively shows that a dismissal was on merely technical or excusable grounds it cannot be treated as a judgment on the merits. (See *Gonsalves* v. *Bank of America, supra,* 16 Cal.2d 169 [dismissal for failure to prosecute]; *Wilson* v. *Bittick* (1965) 63 Cal.2d 30 [45 Cal.Rptr. 31, 403 P.2d 159] [dismissal for failure to join an indispensable party]; *Ensher* v. *Ensher, Alexander & Barsoom* (1960) 187 Cal.App.2d 407 [9 Cal.Rptr. 732] [dismissal for failure to furnish security for costs as required by statute].) Likewise, the United States Supreme Court has indicated that, despite the language of federal rule 41(b), the rule did not change the common-law principle that if the first suit were dismissed merely for defect of pleading, parties, or a misconception as to the form of the proceeding, or a want of jurisdiction, or other grounds not going to the merits of the action, there would be no bar to another suit. (*Costello* v. *United States* (1961) 365 U.S. 265, 286-287 [5 L.Ed.2d 551, 565-566, 81 S.Ct. 534].) In discussing this exception however, the court made it clear that it did not apply to a dismissal for noncompliance with a discovery order.

Appellant's asserted distinction also fails for the further reason that *Nasser* v. *Isthmian Lines, supra,* 331 F.2d 124, set forth an alternate

---

[7]As originally enacted in 1872, Code of Civil Procedure section 582 read: "In every case, other than those mentioned in the last section, judgment must be rendered on the merits." A 1907 amendment changed the opening provision to read: "In all cases other than those mentioned in the last two sections." The present form resulted from a 1947 amendment which opened: "In all other cases."

ground not based on federal rule 41(b) for holding a judgment of dismissal ordered as a discovery sanction to be on the merits. At page 128, the court declared, "But even if this result were not required by the terms of Rule 41(b), it would seem necessary as a matter of sound judicial administration." This rationale applies equally to cases pending in state courts.

 The interpretation placed on a federal statute by federal courts is followed in construing state statutes modeled after the federal statute, and it is presumed that the Legislature had that interpretation in mind. (*Scripps etc. Hospital* v. *Cal. Emp. Com.* (1944) 24 Cal.2d 669, 677 [151 P.2d 109, 155 A.L.R. 360].) Where, as here, however, the federal construction was rendered after the adoption of the statute by this state, it is not binding on the courts of this state, though it may be persuasive and entitled to considerable respect. (*Meanley* v. *McColgan* (1942) 49 Cal.App.2d 203, 209 [121 P.2d 45].) The reasoning of *Nasser* is sound, and in light of the strong public policy in favor of interpreting similar statutes dealing with the same subject matter in a similar fashion (*Meanley* v. *McColgan, supra*), we hold that a dismissal ordered as a discovery sanction constitutes a judgment on the merits.

II. *The attempted voluntary dismissal of the original suit after the order and judgment of dismissal was ineffective for any purpose.*

After the motion to dismiss had been granted, and before the expiration of time to appeal from the judgment of the lower court, appellant filed his request for a voluntary dismissal of that action. This was apparently intended to overcome the grounds for the first demurrer in the second action (that there was another action between the same parties and involving the same subject matter still pending), or to undermine the res judicata effect of the judgment in the former action.

In *Eddings* v. *White* (1964) 229 Cal.App.2d 579, 585 [40 Cal.Rptr. 453], it was directly held that such an attempt was invalid; once the court had issued an order of dismissal, "the court loses all jurisdiction of the proceeding." As the court lost jurisdiction of the first action after the order and judgment of dismissal, it no longer had authority to grant a request for voluntary dismissal. The appellant had both the right and the opportunity to move to set aside or to take an appeal from the involuntary judgment of dismissal, but chose not to do so.

It follows from the foregoing conclusions that the judgment dismissing the present suit pursuant to the order sustaining a demurrer without leave to amend must be affirmed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied April 21, 1977, and appellant's petition for a hearing by the Supreme Court was denied May 19, 1977.