[Civ. No. 61291. Second Dist., Div. Two. May 22, 1981.]

PAUL BERNSTEIN, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

David S. Sperber for Plaintiff and Appellant.

Lynberg & Nelsen and Judith Gold for Defendant and Respondent.

OPINION

**BEACH, J.**—Appeal from order of dismissal of plaintiff's complaint on the ground of res judicata. Affirmed.

### BACKGROUND:

In May 1976, plaintiff filed an action against defendant (case No. C-159619) for its failure to tender a defense or to pay the amount of damages for which plaintiff was held liable following an automobile collision involving an automobile not owned by plaintiff and driven by him without the owner's permission. Plaintiff had sought recovery under

an automobile insurance policy issued to him by defendant. In February 1978, the trial court ordered dismissed the complaint based on willful failure to furnish answers to certain interrogatories propounded by defendant, as ordered by the court. On appeal, this court (Div. Five) affirmed the order of dismissal.

Thereafter, in April 1980, plaintiff again sued defendant (case No. C-318627), making basically the same allegations as those contained in the original complaint. The trial court sustained defendant's demurrer, without leave to amend, on the ground that the judgment in the original action was res judicata as to all issues in the second action. This appeal by plaintiff followed.

ISSUE ON APPEAL:

The only issue before us is whether the dismissal of the first action for willful failure to comply with the discovery order barred the subsequent action.

DISCUSSION:

█ A dismissal for failure to obey a court's discovery orders has the effect of a judgment on the merits against a plaintiff. (*Kahn v. Kahn* (1977) 68 Cal.App.3d 372, 383 [137 Cal.Rptr. 332].) As the court stated in *Kahn*, "[T]he persistent refusal of a party to make discovery results in a presumption, as a matter of law, that the asserted causes of action are without merit." (*Ibid.*)

With respect to plaintiff's argument that the dismissal of his complaint against defendant was based on the willful failure of plaintiff's *attorney*, not plaintiff himself, to comply with the court-ordered discovery, it should be borne in mind that plaintiff "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." (*Link v. Wabash Railroad Co.* (1962) 370 U.S. 626, 633-634 [8 L.Ed. 2d 734, 740, 82 S.Ct. 1386].) Any other notion would be totally inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent (*id.* at p. 634 [8 L.Ed. 2d at p. 740]), and would allow litigants or their counsel to turn a deaf ear to the processes of the court with impunity, thus precluding effective judicial administration at the trial court level (*Kahn v. Kahn, supra,* 68 Cal.App.3d at p. 383).

The order of dismissal in case No. C-318627, the subject of the present appeal, is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied June 11, 1981, and appellant's petition for a hearing by the Supreme Court was denied July 15, 1981.