Filed 3/7/13  Cadavid v. Kennedy CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SERGIO A. CADAVID, | B238982 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC466330) |
| v. | |
| SEAN K. KENNEDY et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Sergio A. Cadavid, in pro. per., for Plaintiff and Appellant.

No appearance by Defendants and Respondents.

INTRODUCTION

Plaintiff in propria persona appeals from the order dismissing his action for failure to serve his legal malpractice complaint on his defendants. Plaintiff contends the trial court should not have dismissed the case because he had served defendants by mail 21 days earlier. However, plaintiff has failed to demonstrate reversible error because the record contains no return of acknowledgement of service and so plaintiff has not shown service was perfected. (Code Civ. Proc., § 415.30, subd. (b).) Accordingly, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an inmate at Corcoran State Prison, attempted to sue five attorneys at the federal defenders office seeking redress for their representation of plaintiff in his habeas corpus proceeding. The trial court notified plaintiff on August 26, 2011 that the summons he submitted to the court was obsolete and that he was required to use the then-current 2009 summons form. On September 1, 2011, plaintiff wrote to the trial court requesting a copy of the appropriate summons because he did not have access to one.

The trial court issued an order to show cause concerning plaintiff's failure to serve summons and set a hearing for September 19, 2011. Plaintiff filed a response explaining that although he had asked the court for a copy of the latest version of the summons form, he had not received it by the time he filed his response. Plaintiff declared neither the prison library nor the Kings County Superior Court would provide him with the proper summons form.

The matter was called for hearing on September 19, 2011. The trial court had plaintiff's response to the order to show cause, but as no appearances were made, the trial court continued the order to show cause to October 19, 2011. Notified of the continuance, plaintiff filed a declaration stating he was still unsuccessful in his attempts to obtain the correct summons form.

It appears that the hearing was continued a second time because on November 28, 2011, the trial court called the matter. The minute order from that date indicates, despite having been given three opportunities, that plaintiff had not "effect[ed] service." No

2

appearance or proof of service having been filed, the court dismissed the case without prejudice.

Two days later, plaintiff filed his response to the order to show cause in which he explained that three weeks before the dismissal, on November 7, 2011, he had arranged for service by mail on each of the five defendants. Appended to the memorandum were the proofs of service of summons signed by another inmate at Corcoran State Prison indicating that, among the documents served on defendants, were blank copies of the acknowledgement of receipt of summons. (Code Civ. Proc., § 415.30.) The record does not contain any signed acknowledgments of receipt of the summons.

CONTENTION

Plaintiff contends the trial court abused its discretion because it believed plaintiff had not provided evidence he had served defendants.

DISCUSSION

Preliminarily, we address the threshold question of appealability. Plaintiff has appealed from a minute order purporting to dismiss his action. However, the minute order is not signed by the judge as is required by Code of Civil Procedure section 581d.[1] An unsigned minute order is ordinarily not appealable. (See *Rios v. Torvald Klaveness* (1969) 2 Cal.App.3d 1077, 1079.) However, this defect is not "fatal." "An unsigned minute order can form the basis of an appeal, unless it specifically recites that a formal order is to be prepared; this one does not. [Citations.]" (*In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406, 1410.) Therefore, although the trial court did not sign the minute order dismissing this case, we conclude the minute order is appealable.

Even if the minute order is appealable, however, we are next confronted with the problem that the trial court dismissed plaintiff's action *without prejudice*. "A dismissal

---

[1]      Code of Civil Procedure section 581d reads, "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered. [¶] All dismissals ordered by the court shall be in the form of a written order *signed by the court* and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." (Italics added.)

3

'without prejudice' necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations." (*Eaton Hydraulics Inc. v. Continental Casualty Co*. (2005) 132 Cal.App.4th 966, 974, fn. 6.) Yet, a dismissal without prejudice has the "effect of a final judgment in favor of the defendant, for it terminates the action and concludes the rights of the parties in that particular action." (*Aspeitia v. California Trust Co*. (1958) 158 Cal.App.2d 150, 153.) Thus, an involuntary dismissal without prejudice is appealable if it disposes of all issues in the action. (*County of Tulare v. Ybarra* (1983) 143 Cal.App.3d 580, 583-584.) The dismissal terminated the entire action. Therefore, the dismissal is appealable as a final dismissal. (*Ibid.*)

Even if this order of dismissal is final and appealable, we nonetheless conclude, plaintiff has not shown reversible error. The method for effecting service by mail is set forth in Code of Civil Procedure section 415.30. It provides that a summons may be served by mail by depositing it in first class mail, among other things, two copies of the notice and acknowledgment in the form described in subdivision (b) of that section. (Code Civ. Proc., § 415.30, subd. (a).) *Service of summons is only complete when written acknowledgment of receipt of summons is signed and returned to the sender*. (*Id*., at subd. (c) & (e).)[2] Thus, the efficacy of service by mail is expressly based on the execution and return of an acknowledgment of service. (*Thierfeldt v. Marin Hosp. Dist*. (1973) 35 Cal.App.3d 186, 199; Code Civ. Proc., § 415.30, subds. (c) & (e).) "*If the party addressed fails to do so, there is no effective service*." (*Thierfeldt v. Marin Hosp. Dist.,* at p. 199, italics added.) If acknowledgment of service is not returned within

---

**2**     Code of Civil Procedure section 415.30, subdivision (c) reads: "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."

4

20 days, the Code of Civil Procedure provides plaintiffs with recourse. (See, e.g., Code Civ. Proc., § 415.30, subd. (d).)[3]

As appellant, it is plaintiff's obligation to demonstrate how the trial court erred and to provide a record from which the claimed error may be shown. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 978.) Plaintiff has not done so.

The trial court had plaintiff's responses *both* times it continued the hearing on its order to show cause. Thus, the court gave plaintiff ample time to obtain the correct version of the summons form. Plaintiff's third response indicating he mailed summonses to defendants 21 days earlier, was not filed with the trial court until two days after that court had dismissed this action for failure to effectuate service. Even if the dismissal were erroneous, any error was harmless (Cal. Const., art. VI, § 13). The reason is that plaintiff has never demonstrated that he received signed acknowledgments of receipt, which acknowledgments were due three days before plaintiff filed his response in the trial court. (Code Civ. Proc., § 415.30, subds. (c) & (d).) Thus, there is no evidence defendants were actually served and that service was ever effective. Nor did plaintiff demonstrate he attempted to serve defendants by an alternative method, such as by publication, or to move the trial court for relief from the dismissal. In fact, nearly three months after plaintiff claims he served defendants, plaintiff attached his summonses to his notice of appeal but *included no signed acknowledgments of receipt*. Therefore, plaintiff has not demonstrated reversible error, irrespective of the correct summons form, because service was never effectuated.

---

[3] Code of Civil Procedure section 415.30, subdivision (d) reads, "If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgment form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action."

DISPOSITION

The order is affirmed.  No costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




ALDRICH, J.



We concur:




CROSKEY, Acting P. J.




KITCHING, J.




6