Filed 4/8/14  GMAC Mortgage v. Sandoval CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GMAC MORTGAGE et al., | |
| Plaintiffs and Respondents, | E059111 |
| v. | (Super.Ct.No. CIVRS1202418) |
| VENTURA SANDOVAL et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Thomas S. Garza, Judge.  Reversed with directions.

Moises A. Aviles for Defendants and Appellants.

Stephen B. Ensberg and Law Offices of Stephen B. Ensberg for Plaintiffs and Respondents.

Plaintiff and respondent GMAC Mortgage, LLC (GMAC), formerly known as GMAC Mortgage Corporation doing business as Ditech.com, in the capacity of the trust deed beneficiary; and plaintiff and respondent Executive Trustee Services, LLC (Executive) formerly known as Executive Trustee Services, Inc., as the trustee on the

1

trust deed, (plaintiffs)[1] won a summary judgment (1) cancelling a recorded substitution of trustee and a recorded full reconveyance of the trust deed and (2) declaring the trust deed to be "valid and enforceable as a first position priority security interest" on the real property owned by defendants and appellants Ventura and Catalina Sandoval (defendants). Plaintiffs were also awarded attorney fees as prevailing parties under the trust deed of $21, 284.25 in a postjudgment order filed April 29, 2013. Defendants appealed only from the postjudgment order awarding attorney fees.

After the filing of the record, the parties filed a stipulation to vacate only the attorney fees order, a memorandum of points and authorities, and a declaration. The parties also stipulate to vacation of the attorney fees award by an order of this court followed by a dismissal of the appeal "without costs to either party." The parties make clear that the summary judgment in plaintiffs' favor is to remain in full force and effect. Plaintiffs' motivation in generously relinquishing the attorney fees award is variously but consistently stated as the desire "to bring this matter to a conclusion" and "to resolve as many matters as possible without further litigation expenses or costs." This opinion

---

[1] The court's docket treats the two plaintiffs/respondents as one party when GMAC and Executive are actually two separate plaintiffs and respondents represented by the same counsel. The clerk of this court is directed to change the docket title and party entries accordingly.

justifies and orders the reversal of attorney fees order pursuant to the stipulation under the second sentence of Code of Civil Procedure section 128, subdivision (a) (§ 128 (a)(8)).

*The Character of This Stipulated Reversal*

To accomplish the parties' objectives as expressed in the motion within the limits of appellate procedure, we will resolve the appeal by treating the stipulation as one for the reversal of the judgment—not for dismissal of the appeal. The reasons for this construction are of a procedural character. We cannot both dismiss an appeal and make an order or disposition implementing the parties' stipulation. A dismissal in any court terminates the court's jurisdiction to make any further order, and the effect of a dismissal of an appeal is to affirm the judgment or order appealed. (See *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134-135; *Kahn v. Kahn* (1977) 68 Cal.App.3d 372, 387; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 762, p. 835.) Faced with conflicting demands of the law and the parties' requests, we infer the parties' intent to reverse the appealed order and accomplish that intent by rendering an opinion that disposes of the appeal by the stipulated reversal, thereby deciding the appeal rather than dismissing it and making dismissal unnecessary to dispose of the appeal. Courts of Appeal have traditionally and generally used the term "reverse" instead of "vacate," but the effect is the same. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 869, pp. 928-929.)

*Authority to Make This Stipulated Reversal*

Having discussed the character of the proposed stipulated reversal, we reach the critical issue. Do we have the authority to dispose of this case by a stipulated reversal of this character? We find that we do.

By enacting section 128 (a)(8), the Legislature clarified the criteria for implementing a stipulated reversal requiring the appellate court to make two findings: (1) that no reasonable possibility exists of adversely affecting the interests of nonparties or the public (§ 128 (a)(8)(A)) and (2) that the parties' reasons for requesting reversal outweigh (a) the erosion of public trust that may result from reversing the judgment and (b) the reduced incentive to settle pretrial that may result from the availability of postjudgment stipulated reversal (§ 128 (a)(8)(B)).[2] The second finding involves two factors, resulting in a discussion of three factors in the making of the two findings: (1) nonparty adverse effect; (2) public trust erosion; and (3) pretrial settlement incentive.

As to the first finding and factor regarding the effect on nonparties' and the public's interests, the lawsuit solely affects its parties because of its private character. We find no reasonable possibility exists that the proposed stipulated reversal would adversely affect the interests of nonparties or the public. (§ 128 (a)(8)(A).)

---

[2] Section 128(a)(8) provides in full: "An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

4

The first step in making the second, two-part finding requires identification of the parties' reasons for stipulating to reverse the judgment. (§ 128 (a)(8)(B).) As related above, the parties simply wish to end the litigation between them based on the unchallenged judgment in favor of plaintiffs and without requiring defendants to pay plaintiffs' attorney fees. Thus, the motivations for a stipulated reversal in this case appear honorable and efficiently conserve both the parties' and the judiciary's limited resources.

We next weigh these reasons against the possibility that the stipulated reversal would erode the public's trust in the judiciary. (§ 128 (a)(8)(B).) We find that there is no possibility of the erosion of public trust in this case because the judgment itself remains intact, and the reversal of the attorney fees award implies no error on the part of the superior court.

We find that the stipulated reversal will not erode public trust in the judiciary, and that the parties' reasons for agreeing to a stipulated reversal outweigh the nonexistent erosion of public trust. (§ 128 (a)(8)(B).)

The third and final factor for consideration, and the second part of the second finding required by section 128 (a)(8), is the extent to which the availability of a postjudgment stipulated reversal reduced the incentive in this case to a pretrial settlement, which factor is also to be weighed against the parties' reasons for stipulating to the reversal. However, in this case the appeal is from a postjudgment award of attorney fees, the parties already tacitly agreeing to allow the judgment to remain in effect. This

stipulated reversal could have no possible effect on pretrial settlement.  We find that the parties' reasons for stipulating to this reversal outweigh the nonexistent disincentive to pretrial settlement of a stipulated reversal.  (§ 128 (a)(8)(B).)

### *Disposition*

Pursuant to the stipulation of the parties, the order awarding attorney fees filed April 29, 2013, is reversed.  This reversal of the judgment does not indicate a ruling on the merits of the judgment, but serves only to vacate the judgment.  Also pursuant to the stipulation and in the interests of justice, the parties shall bear their own costs on appeal (Cal. Rules of Court, rule 8.278(a)(5)), and the clerk of this court is directed to issue the remittitur immediately (Cal. Rules of Court, rule 8.272(c)(1)).

RAMIREZ
                                                                                        P. J.

We concur:

McKINSTER
                        J.

RICHLI
                        J.

6