Filed 3/6/25  Center for Community Action etc. v. City of Moreno Valley CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CENTER FOR COMMUNITY ACTION AND ENVIRONMENTAL JUSTICE et al., | E082992 |
| Plaintiff and Respondent, | (Super.Ct.No. CVRI2200683) |
| v. | ORDER MODIFYING OPINION |
| CITY OF MORENO VALLEY et al., | [CHANGE IN JUDGMENT] |
| Defendant and Respondent; | |
| CDRE HOLDINGS, LLC, | |
| Real Party in Interest and Appellant. | |

The joint request by the parties filed February 27, 2025, to modify the opinion is GRANTED.  The opinion filed in this matter on February 14, 2025, is modified as follows:

On page 7, the Disposition should be deleted in its entirety and replaced with the following:  "The Judgment is reversed in part, as to paragraphs 2 through 5.  The trial court is

1

directed to enter the Proposed Judgment attached to this opinion as exhibit 1, with the Settlement Agreement attached to the Proposed Judgment as exhibit A.  The parties shall bear their own costs on appeal."

Except for this modification, the opinion remains unchanged.  The modification does effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                 
                          J.

We concur:

RAMIREZ            
              P. J.

MILLER             
              J.

Filed 2/14/25  Center for Community Action etc. v. City of Moreno Valley CA4/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CENTER FOR COMMUNITY ACTION AND ENVIRONMENTAL JUSTICE et al., | E082992 |
| Plaintiffs and Respondents, | (Super.Ct.No. CVRI2200683) |
| v. | OPINION |
| CITY OF MORENO VALLEY et al., | |
| Defendants and Respondents; | |
| CDRE HOLDINGS, LLC, | |
| Real Party in Interest and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Chad W. Firetag, Judge.

Reversed in part, with directions.

Allen Matkins Leck Gamble Mallory & Natsis, Jonathan E. Shardlow, Paige H. Gosney, and Benjamin N. Patterson for Appellant and Real Party in Interest.

1

Shute, Mihaly & Weinberger LLP and Edward T. Schexnayder for Petitioners and Respondents.

Law Offices of Quintanilla & Associates, Gulan Tahir, Lisa Weaver-Nowak, and Steven B. Quintanilla for Defendants and Respondents.

## INTRODUCTION

In this action brought by two environmental organizations under the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.) to challenge a city's approval of a warehouse project, the trial court entered a Judgment Granting Peremptory Writ of Mandate on December 8, 2023 (the "Judgment" or "Writ"), which the warehouse developer appealed. Before briefing had begun in this appeal, the parties filed a Joint Stipulation for Partial Reversal and Entry of Judgment Pursuant to Settlement Agreement on December 18, 2024 (Joint Stipulation). This court approves the Joint Stipulation. For the reasons discussed herein, the Judgment is reversed as to paragraphs 2 through 5 described below. The trial court is directed to enter the Proposed Judgment attached to this opinion as exhibit 1, with the Settlement Agreement attached to the Proposed Judgment as exhibit A.

## PROCEDURAL HISTORY AND FACTS

Real party in interest and respondent CDRE Holdings 17, LLC (CDRE) proposed to build a warehouse project consisting of two buildings on 17.7 acres of land zoned as commercial (the "Project"). The Project was across the street from single- family homes, apartments, and a charter school, the nearest of which was 152 feet north

2

of the site. On January 18, 2022, defendants and respondents City of Moreno Valley and City Council of Moreno Valley (the "City") approved the Project and adopted an Initial Study/Mitigated Negative Declaration (MND). On February 1, 2022, the City approved a change in zoning to accommodate the Project. Project opponents Center for Community Action and Environmental Justice and the Sierra Club ("Petitioners") filed a petition for writ of mandate ("Petition") on February 17, 2022, alleging a single cause of action for violation of CEQA. Petitioners argued there was substantial evidence in the record that supports a fair argument that the Project may have a significant impact on the environment, including: (1) air quality due to the Project construction and increased truck trips; (2) health impacts due to construction and operation emissions; (3) noise impacts from increased truck trips; (4) safety impacts from increased truck trips; and (5) cumulative impacts from the Project and multiple other projects approved in the City without adequate environmental review. The Petition alleged the City had failed to adopt recommended mitigation measures and violated CEQA by relying on an inadequate MND.

After a trial on the merits, the trial court issued the Judgment, consisting of six paragraphs: (1) granting the Petition because the evidence in the record supports a fair argument that the Project may have potentially significant impacts on the environment; (2) ordering the City to set aside its adoption of the MND for the Project and other approvals of the Project, and to comply with CEQA to the extent the City takes further action to approve the Project; (3) reserving jurisdiction over the City's proceedings with

3

regard to the Project; (4) ordering the City to file an initial return to the Writ informing the court regarding how the City has complied with the Writ; (5) until the trial court discharges the Writ, enjoining the City and CDRE from all activities regarding the Project that could alter the physical environment; and (6) declaring Petitioners prevailing parties for purposes of attorneys' fees and costs.

CDRE timely appealed the Judgment on January 10, 2024. On December 18, 2024, the parties filed the Joint Stipulation.

## DISCUSSION

This court cannot both dismiss an appeal and make an order reversing the trial court's judgment. A dismissal in any court terminates the court's jurisdiction to make any further order, and the effect of a dismissal of an appeal is to affirm the judgment or order appealed. (See *Paul v. Milk Depots*, *Inc.* (1964) 62 Cal.2d 129, 134-135; *Kahn v. Kahn* (1977) 68 Cal.App.3d 372, 387.)

Before approving the parties' stipulated reversal, this court must find the following (Code Civ. Proc., § 128, subd. (a)(8)):

1. "There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal." (Code Civ. Proc., § 128, subd. (a)(8)(A).)

2. The parties' reasons "for requesting reversal outweigh the erosion of public trust that may result from the nullification of [the] judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8)(B).)

4

First, there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by this reversal. The nature of the settlement reached by the parties reasonably assures that the Project as modified by the parties' settlement will entail no significant environmental effects. Petitioners are community organizations that have effectively represented the interests of the community, including by litigating the major objections raised by the community. There was no other opposition to the Project on grounds that are not addressed by the Settlement Agreement.

Second, the settlement makes partial reversal appropriate. The parties' revisions of the Project mitigate the potentially significant environmental impacts found in the Statement of Ruling filed October 16, 2023, upon which the Judgment is based. The trial court found that the City failed to comply with CEQA because Petitioners presented substantial evidence supporting a fair argument that the Project may have potentially significant noise, air quality, and health impacts. The trial court also found that the City's environmental document did not adequately describe schools along the Project's foreseeable truck routes. The Settlement Agreement mitigates these potential impacts by requiring electrification of buildings, trucks, and construction equipment, which will substantially reduce the noise generated by the Project and will reduce the Project's emissions of diesel particulate matter and air pollutants. The Settlement Agreement also limits the routes that Project trucks may travel to avoid the schools discussed above. The mitigations contained in the Settlement Agreement thus address the concerns raised by the trial court that the Judgment was intended to remedy.

5

The instructions in the Judgment directing further environmental review to determine the need for additional mitigation have therefore been made unnecessary. Partial reversal of the Judgment will place the parties in approximately the same position they would be in if the appeal were successfully prosecuted to completion.

Third, granting the partial reversal will not result in the erosion of public trust. The partial reversal contemplated by the parties is not on the merits, but rather on the ground of the mootness resulting from the settlement. The parties seek partial reversal to: (1) facilitate the mitigation provided by the Settlement Agreement; (2) restore the case to the superior court's jurisdiction so that it may enter a new judgment that gives effect to the Settlement Agreement; and (3) avoid any implication that the original Judgment appealed from remains in effect.

Fourth, the parties credibly assert that the possibility of stipulating to a partial reversal on appeal did not occur to any of them prior to trial and did not act as a disincentive to pretrial settlement. Instead, each party believed in good faith that their positions concerning the Project were supported by the law and the facts, and each could have reasonably believed that they would have prevailed at trial.

# DISPOSITION

The Judgment is reversed in part, as to paragraphs 2 through 5.  The trial court is directed to dismiss the underlying action with prejudice.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:


RAMIREZ _____

P. J.


MILLER _____

J.

7