[Civ. No. 16822. Fourth Dist., Div. One. Dec. 4, 1978.]

FRANK M. LA PIETRA et al., Plaintiffs and Appellants, v.
ERIC FREED et al., Defendants and Respondents.

**Counsel**

Ronald L. M. Goldman for Plaintiffs and Appellants.

Charles C. Renshaw for Defendants and Respondents.

**Opinion**

**HARELSON, J.***—On May 21, 1976, plaintiffs Frank M. La Pietra and Wanda J. La Pietra entered into a building construction contract with the defendant, Eric Freed, dba Creative Environments. Under the agreement Freed was to construct a single family residence for the La Pietras.

In late February or early March of 1977 a dispute arose between the parties.

Paragraph 16 of the agreement provides: "Any controversy, or claim arising out of or relating to this contract, or the breach thereof shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."

Paragraph 17 of the agreement provides that if a party is required to bring an action to enforce any of the terms thereof, the successful party shall be awarded attorney's fees.

---

*Assigned by the Chairperson of the Judicial Council.

On March 7, 1977, Freed demanded arbitration of that dispute. The demand was made again on March 23, 1977. On May 10, 1977, Freed filed formal demand with the American Arbitration Association and mailed a copy to the La Pietras. On May 16, 1977, the La Pietras acknowledged receipt of the demand.

On May 16, 1977, the La Pietras filed a complaint for damages for breach of building contract in the superior court.

On May 18, 1977, two days after the La Pietras had received formal demand for arbitration, they filed an amended complaint in the superior court and set a hearing in court for prejudgment attachment.

On May 19, 1977, American Arbitration Association acknowledged receipt of Freed's demand for arbitration by a letter to the La Pietras; the La Pietras received the letter on May 20, 1977.

Receipt of La Pietras' answer to demand for arbitration and counter-claim dated May 25, 1977, was acknowledged by American Arbitration Association on May 27, 1977.

On May 26, 1977, Freed mailed to the La Pietras his notice of motion to compel arbitration, to dismiss complaint, and to stay further proceedings. The notice of motion along with Freed's answer and cross-complaint were filed June 1, 1977.

On June 9, 1977, the trial court granted Freed's motion to compel arbitration, stayed all proceedings in this action until further order and awarded Freed $300 in attorney's fees and $40.50 in costs pursuant to paragraph 17 of the construction contract.

The La Pietras appeal from the order awarding attorney's fees and costs.

Freed contends that the La Pietras, in breach of the construction contract, refused to arbitrate the matter, wrongfully brought the complaint for damages and sought abuse of processes of the court by seeking a prejudgment attachment. The most significant fact, he alleges, is that two days after acknowledging his formal demand for arbitration, the La Pietras persisted, in violation of the contract, in going forward with legal action. As a result he was forced to incur costs and attorney's fees to compel the La Pietras to arbitrate, and to stay the proceeding pending the

outcome of the demanded arbitration hearing. Freed admits that prior to the June 9 hearing, he had received notice of La Pietras' answer to demand for arbitration but argues that at no time did the La Pietras abandon their attempt to proceed in court and to process their motion for attachment faced with his responsive pleadings. By that time, Freed, he states, had already incurred liability to his attorney for fees.

La Pietras' first contention is that Freed's motion to compel arbitration and for attorney's fees was in fact moot and premature.

Section 7 of the Construction Industry Arbitration Rules (exh. B) provides:

"Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

"The initiating party shall, within the time specified by the contract, if any, file with the other party a notice of an intention to arbitrate (Demand), which notice shall contain a statement setting forth the nature of the dispute, the amount involved, if any, and the remedies sought; and shall file two copies of said notice with any Regional Office of the American Arbitration Association, together with two copies of the arbitration provisions of the contract and the appropriate filing fee is provided in § 48 hereunder.

"The American Arbitration Association shall give notice of such filing to the other party. A party upon whom the demand for arbitration is made may file an answering statement in duplicate with the American Arbitration Association within seven days after notice from the American Arbitration Association, simultaneously sending a copy to the other party. . ."

The La Pietras filed their original complaint with the court on the same day they received notice and a copy of Freed's demand for arbitration from Freed's attorney and prior to receipt of notice of any such demand from the American Arbitration Association. Notice of such demand from the American Arbitration Association was received on May 20, 1977; the filing by the La Pietras on May 27, 1977, of their answer to the demand and counterclaim was timely under the rules of the association.

The earlier letters from Freed's counsel to La Pietras' counsel cannot be construed as initiating the arbitration. The contract provided that

arbitration shall be "in accordance with the Rules of the American Arbitration Association" and such rules encompass the entire procedure for the initiation and conduct of arbitration including demand.

We find Freed's motion to compel arbitration was premature in that the La Pietras voluntarily agreed to submit to arbitration by filing their answer to the demand for arbitration and counterclaim within the time allowed by the rules of the American Arbitration Association.

La Pietras concede that the order staying the proceedings was proper but argue that the ruling on Freed's motion to compel arbitration was not a judgment which entitled him to attorney's fees as a prevailing party.

Civil Code section 1717 providing for attorney's fees to the prevailing party in an action on a written contract defines "prevailing party" as the "party in whose favor final judgment is rendered." Freed contends, and La Pietras concede, that an award of attorney's fees, where a party prevails and where the issues require a judicial determination, is severable from the general subject matter. ■ However "[a] judgment is final only when it determines all of the rights of the parties and requires no further judicial action to give effect to its provisions." (*Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.,* 33 Cal.App.3d 116, 121 [108 Cal.Rptr. 782].) "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.)

■ "The proceeding to compel arbitration is in essence a suit in equity to compel specific performance of a contract [citations]. The powers of the superior court in passing upon the petition are those prescribed and limited by the provisions of Code of Civil Procedure 1281.2." (*Atlas Plastering Inc.* v. *Superior Court,* 72 Cal.App.3d 63, 69 [140 Cal.Rptr. 59]; *Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau,* 56 Cal.App.3d 657, 661 [128 Cal.Rptr. 514].)

There could be no final determination of the rights of the parties to this action at the time of the motion. The arbitrator may determine that the issues submitted to him are not arbitrable and return the case to the court for proceedings, or, if arbitration proceeds to award and such is returned for confirmation, an appeal from said confirmation would be the final determination of the rights of the parties.

■ We agree with La Pietras' contention that an order to arbitrate is not an appealable order, and may only be attacked in extraordinary

circumstances by writ. (*Maddy* v. *Castle,* 58 Cal.App.3d 716, 719 [130 Cal.Rptr. 160]; *Bertero* v. *Superior Court,* 216 Cal.App.2d 213 [30 Cal.Rptr. 719]; *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.,* 271 Cal.App.2d 675 [77 Cal.Rptr. 100].) "The order is reviewable on appeal from a judgment confirming the award." (Code Civ. Proc. §§ 1294, 1294.2; *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co., supra,* at p. 692.) "The preferred procedure is to proceed by arbitration and attack confirmation on appeal." (*Atlas Plastering Inc.* v. *Superior Court, supra,* at p. 67.) "The rationale of this rule is that the order compelling arbitration is interlocutory in nature and works no hardship on the litigant because the party who objects to arbitration may win at the arbitration hearing, and if he does not, the issue is reviewable on appeal from the order of confirmation." (*Maddy* v. *Castle, supra,* at pp. 719-720.) An award of attorney fees would be proper only if the order compelling arbitration were upheld when reviewed on appeal from the confirmation of an arbitration award.

We conclude that the trial court's ruling on Freed's motion to compel arbitration was interlocutory in nature and as such not appealable as a final judgment. We further conclude that because such ruling was not final, and no appeal could be taken, there was no final determination of the rights of the parties and Freed is therefore not a prevailing party pursuant to Civil Code section 1717 and Code of Civil Procedure section 577 and is not entitled to attorney's fees at this time.

The order awarding attorney's fees and costs is reversed.

Cologne, Acting P. J., and Wiener, J., concurred.