[No. B003195. Second Dist., Div. Six. Oct. 30, 1984.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and
Respondents, v.
GOVERNING BOARD OF THE SIMI VALLEY UNIFIED SCHOOL
DISTRICT, Defendant and Appellant.

395

COUNSEL

Richards, Watson, Dreyfuss & Gershon, J. Robert Vaughan, Lee T. Paterson and Deborah S. Gershon for Defendant and Appellant.

Hathaway, Perrett, Webster & Powers, Paul D. Powers, Kirsten L. Zerger, Raymond L. Hansen, Diane Ross and Ramon Romero for Plaintiffs and Respondents.

OPINION

**STONE, P. J.**—The Governing Board of the Simi Valley Unified School District appeals an order striking its claim for costs and attorneys' fees. We reverse the judgment.

Appellant Governing Board of the Simi Valley Union School District (District) and respondents California Teachers Association and Simi Educators Association (the Associations) entered into a "Contract of Agreement 1979-80" (Contract) in 1979 establishing the terms and conditions of employment of certificated employees by the District. Certificated employees of the District are not required to join the Associations. However, because they benefit from the Associations' activities on behalf of members, nonmember employees are required to pay a "service fee" to the Associations.

In late 1979, a dispute arose between the Associations and the District because certain nonmember employees had not paid the service fee. The Associations requested that the District either (1) compel the nonmember employees to comply or (2) terminate them if they did not do so pursuant to the "Organizational Security" provision in the Contract: "In the event an employee within the unit does not submit to the District a Dues Deduction Form, or a Service Fee Deduction Form or a Religious Conviction Form, within 30 days from the signing of this contract or employment with the District, the Association is authorized to request Board action to initiate termination proceedings of such employee in accordance with this agreement, recognizing the failure of such employee to comply with this provision shall be reasonable cause for discharge."

The District refused to terminate the nonmember employees, and requested the Associations to initiate proceedings pursuant to the Contract's "Grievance" provisions. Apparently, the parties could not resolve their dispute in that manner either. The Associations then requested that the Dis-

trict enter into arbitration, also pursuant to the Contract. When the District would not agree, the Associations sought relief in the superior court.

The Associations filed a "Petition for Writ of Mandate" seeking, in the alternative, (1) an order compelling the District to commence arbitration pursuant to the Contract's arbitration clause regarding whether it had breached the Contract by refusing to terminate the challenged employees; (2) an order directing the District to compel those employees to pay the fees and to indemnify the Associations in any action they may take directly against the employees; (3) attorneys' fees and costs pursuant to Government Code section 800.[1]

The court issued an alternative writ, directing the District to commence arbitration or to take action to compel the payment of service fees to the Associations. The alternative writ also provided that the District indemnify the Associations as requested and awarded $1,500 attorneys' fees to the Associations. However, the order for peremptory writ vacated the indemnity order and the attorneys fee award. The Associations were awarded costs, which the District paid.

The parties then commenced arbitration. We do not have before us the record of that proceeding. However, we may safely assume that it did not go very well; the parties found themselves back in superior court when the Associations failed to comply with a request by the District to produce certain financial documents.

The court ordered the Associations to produce the requested documents or suffer dismissal of the arbitration proceeding. Still, the Associations failed to comply and, on June 9, 1983, the court granted the District's motion and dismissed the arbitration proceeding and the writ proceeding with prejudice. The District filed a memorandum requesting costs and attorneys' fees pursuant to an indemnity clause in the Contract. The Associations responded with a motion to amend the judgment nunc pro tunc to reflect that only the proceeding before the arbitrator, and not the mandate action, was dismissed. The court granted the Associations' motion and struck the District's cost bill as premature.

The District then moved to dismiss the mandate proceeding. The Associations replied that the court had no jurisdiction to do so. The court ordered

---

[1]Government Code section 800 allows the award of attorneys fees not to exceed $1,500 to a party who prevails in an action to review the determination of any administrative proceeding where it is shown that the action of a public entity was arbitrary or capricious. The section is not applicable in this case.

the action dismissed with prejudice; the judgment expressly stated that it was entered on the merits pursuant to Code of Civil Procedure section 582.[2]

The Associations then filed a memorandum of costs; the District filed for costs and disbursements also, requesting attorneys' fees pursuant to the indemnity clause. On cross-motions to tax costs, the court struck *all* fees and costs and amended its judgment nunc pro tunc to delete the reference to section 582. The District appeals the striking of its costs and fees.

■ The Associations seek to avoid an award of attorneys' fees and costs against them by distinguishing their "mandate" (§ 1085) proceedings from a "petition to compel arbitration" pursuant to a contractual provision (§ 1280 et seq.). They correctly note that the "legal consequences of this distinction are critical on this appeal."

The Associations argue that the superior court lost jurisdiction in May of 1980 when the writ of mandate issued. At that point, the Associations contend, the "judgment" was entered and they were the prevailing party because the court granted their request and ordered the District to commence arbitration. We disagree.

This case involves the parties' contractual agreement to arbitrate their disputes. ■ For the reasons outlined herein we hold that mandate is not an appropriate vehicle by which to enforce that agreement. The issue is one of first impression.[3]

In some instances, the label attached to the remedy which a party requests does not affect the outcome of the litigation; the court may fashion the appropriate remedy in any event. See e.g., *Neal* v. *State of California* (1960) 55 Cal.2d 11, 15-16 [9 Cal.Rptr. 607, 357 P.2d 839]; *Robinson* v. *Superior Court* (1950) 35 Cal.2d 379, 382-383 [218 P.2d 10]. **(1b)** However, in this case the remedy affects the continuing jurisdiction of the court; it determines whether the court may award attorneys' fees and costs to the District. We conclude that it would be manifestly unjust to allow a party to

---

[2]All statutory references herein are to the Code of Civil Procedure unless otherwise indicated.

[3]One California opinion makes note of, but was not called upon to determine, the issue presented here. In *Service Employees International Union* v. *County of Napa* (1979) 99 Cal.App.3d 946 [160 Cal.Rptr. 810], the union sought a writ of mandate to compel arbitration of a dispute pursuant to a memorandum of understanding. Prior to trial, the union requested that the matter be alternatively considered as if it were a petition to compel arbitration. The court denied the motion. However, the matter then proceeded to trial and neither party claimed on appeal that any prejudice accrued as a result of the court's ruling.

manipulate the result of the litigation and to avoid the ramifications of its agreement by switching the name on the pleading.

■ A writ of mandamus will lie when there is no plain, speedy and adequate, alternative remedy "to compel the performance of an act which the law specifically enjoins . . ." (§ 1085; *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 925 [132 Cal.Rptr. 405, 553 P.2d 565]). ■ There are two reasons why mandate is not appropriate here. The "Petition for Writ of Mandate" states on its face that arbitration is required by the *agreement* between the parties. Therefore, the act which the Associations sought to compel—the District's participation in arbitration—is not an act *required by law.* Second, the procedures set forth in section 1281.2 afford a plain, speedy and adequate remedy at law. (Cf. *Sauter* v. *Superior Court* (1969) 2 Cal.App.3d 25, 29 [82 Cal.Rptr. 395].) To allow a party to proceed by mandate would thwart the purpose of section 1280 et seq.

■ The statutory scheme outlined in section 1280 et seq., contemplates the court's continuing involvement in the arbitration process. " 'The proceeding to compel arbitration [§ 1281.2] is in essence a suit in equity to compel specific performance of a contract.' " (*La Pietra* v. *Freed* (1978) 87 Cal.App.3d 1025, 1030 [151 Cal.Rptr. 554].) If the parties fail to agree upon an arbitrator the court "shall," upon petition, appoint one. (§ 1281.6.)

The underlying action is stayed once arbitration begins (§ 1281.4). However, the court retains jurisdiction over the matter (§ 1292.6) and there are several specific instances in which that jurisdiction might be exercised. In contract actions, for example, if the parties' agreement does not grant the arbitrator general law discovery powers, the court must intervene. (§§ 1283.1, 1283.05, 2019, subd. (b)(1).) This court has also held that a court which has ordered arbitration retains "the power on the one hand to entertain a petition by the plaintiff for judicial assistance in moving the arbitration forward where the matter is foundering for reasons beyond plaintiffs' control, or on the other hand, to entertain a motion by defendants to dismiss the arbitration where plaintiffs have failed to exercise reasonable diligence in moving the dispute to a conclusion." (*Preston* v. *Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402, 407 [178 Cal.Rptr. 882]; see also *Young* v. *Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669 [185 Cal.Rptr. 536].) Finally, if a party is dissatisfied with the award of the arbitrator, the court may correct or vacate it. (§ 1285.)

None of this could occur if a party could utilize mandate to compel the performance of an agreement to arbitrate. ■ A petition for writ of mandate is a special proceeding and terminates by judgment when the writ is-

sues. (*Hadley* v. *Superior Court* (1972) 29 Cal.App.3d 389 [105 Cal.Rptr. 500].) The issuing court retains jurisdiction to make any orders necessary and proper for the enforcement of the writ. (§ 1097; *Molar* v. *Gates* (1979) 98 Cal.App.3d 1, 25 [159 Cal.Rptr. 239, 12 A.L.R. 4th 1197].) However, where the writ merely orders a party to "commence arbitration," it would seem that the judicial involvement contemplated by section 1280 et seq., would be outside the scope of "enforcement."

■ Viewed as a petition to compel arbitration pursuant to section 1281.2, as opposed to a writ of mandate, the order compelling the District to commence arbitration was not a final determination of the rights of the parties. (*La Pietra* v. *Freed, supra,* 87 Cal.App.3d at p. 1030.) Therefore, the court retained jurisdiction of the matter (§ 1292.6), and was empowered to award attorneys' fees and costs to the prevailing party.

The trial court's order striking its reference to section 582 in the judgment does nothing to change the legal effect of the dismissal. ■ "[T]he persistent refusal of a party to make discovery results in a presumption, as a matter of law, that the asserted causes of action are without merit." (*Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372, 383 [137 Cal.Rptr. 332].) ■ Accordingly, a judgment of dismissal for noncompliance with discovery orders has the effect of a "judgment against plaintiff on the merits." (*Id.,* at p. 383; *Bernstein* v. *Allstate Insurance Co.* (1981) 119 Cal.App.3d 449, 451 [173 Cal.Rptr. 841].) Thus, the District is the prevailing party in the superior court proceeding, and is entitled to costs *in that proceeding* as a matter of course. (§§ 1032, 1293.2.)

The District is not entitled to an award of costs incurred in the arbitration proceeding, however, because they expressly agreed to bear those costs themselves. The Contract contains the following clause: "All costs for the services of the arbitrator . . . shall be borne equally by the District and the Association. All other costs shall be borne by the party incurring them. . . ." (§ 1284.2; *Dickinson* v. *Kaiser Foundation Hospitals* (1980) 112 Cal.App.3d 952, 954 [169 Cal.Rptr. 493].)

■ The District's agreement to bear its "costs" in the arbitration proceedings does not, as the Associations contend, constitute an agreement to bear its attorneys' fees as well. (§ 1284.2; *Citizens Suburban Co.* v. *Rosemont Dev. Co.* (1966) 244 Cal.App.2d 666, at p. 683 [53 Cal.Rptr. 551].) The clause at issue here provides that "the Association [CTA/SEA] shall indemnify and hold the District harmless from any and all claims, demands, or suits, or any other action arising out of the administration and implementation of this provision." "This provision" refers to the "Organization-

al Security" provisions of the Contract and it was that section over which the instant dispute arose.

The District relies on *Jen-Mar Constr. Co.* v. *Brown* (1967) 247 Cal.App.2d 564, 573 [55 Cal.Rptr. 832] and *Citizens Suburban Co., supra,* at page 683. Those cases directly support the District's position that it is entitled to attorneys' fees under the indemnity clause. The Associations cite no cases to the contrary and have not attempted to distinguish these. We can find no distinction on the facts or on the law. Accordingly, we hold that the District is entitled to attorneys' fees incurred in the arbitration proceeding and in the mandate proceeding in the superior court. (Civ. Code, § 1717.)

The judgment is reversed. The matter is remanded to the trial court for a determination of costs and attorneys' fees in the District's favor consistent with the views expressed herein.

Abbe, J., and Gilbert, J., concurred.

A petition for a rehearing was denied November 27, 1984, and respondents' petition for a hearing by the Supreme Court was denied January 24, 1985. Bird, C. J., was of the opinion that the petition should be granted.