[No. B104666. Second Dist., Div. Six. Sept. 8, 1997.]

CHARLES QUACKENBUSH, as Insurance Commissioner, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent;
FRANCIS KAYE LYONS, Real Party in Interest.

**COUNSEL**

Daniel E. Lungren, Attorney General, Margaret A. Rodda, Assistant Attorney General, Richard J. Rojo and Leonard Pape, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Smith & Muttart, Craig A. Smith and V. Michael Muttart for Real Party in Interest.

---

OPINION

GILBERT, J.—Here we hold that Insurance Code section 12389[1] does not impose a mandatory duty on the Insurance Commissioner (hereinafter Commissioner) to prohibit an underwritten title company that has violated the Insurance Code from doing business or to warn the public. We issue a writ of mandate directing the trial court to vacate its order overruling the Commissioner's demurrer to the complaint.

FACTS

Francis Kaye Lyons alleged in his amended complaint that Trico Title Insurance Company was an underwritten title company conducting the business of title insurance. (§§ 12340.5, 12340.3.)

In January of 1994, the Commissioner received a report showing that Trico had submitted a falsified financial statement to the Department of Insurance and maintained an underfunded escrow account, both violations of the Insurance Code. The Commissioner took no immediate action.

In April and July of 1994, Lyons deposited funds into escrow with Trico totaling $36,402. In August of 1994, the Commissioner seized Trico.

The complaint alleged that upon discovery of Trico's improprieties the Commissioner had a mandatory duty under section 12389 either to warn Lyons or immediately stop Trico from doing business. Lyons claimed the failure of the Commissioner to perform the duty resulted in the loss of the funds he placed into escrow.

The Commissioner demurred to the complaint on the ground that section 12389 did not impose a mandatory duty to warn or to stop Trico from doing business. The trial court overruled the demurrer and the Commissioner petitions for a writ of mandate.

DISCUSSION

Government Code section 815.6 provides, "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect

---

[1]All statutory references are to this code unless otherwise stated.

against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

Lyons believes that section 12389, subdivisions (c) and (d) impose a mandatory duty on the Commissioner to take immediate action when a licensed company like Trico fails to comply with the Insurance Code.

Section 12389, subdivision (c) provides in part: "The commissioner shall, whenever it appears necessary, examine the business and affairs of a company licensed under this section." Nothing in the language of subdivision (c) requires the Commissioner to do anything but examine the affairs of a licensee. The subdivision does not require the Commissioner to notify the public or to prohibit the title company from doing business.

Section 12389, subdivision (d) provides in part: "At any time that the commissioner determines, after notice and hearing, that a company licensed under this section has willfully failed to comply with any of the provisions of this section, the commissioner shall make his order prohibiting the company from conducting its business for a period of not more than one year. [¶] . . . [¶] The purpose of this section is to maintain the solvency of the companies subject to this section and to protect the public by preventing fraud and requiring fair dealing."

Section 12389, subdivision (d) requires the Commissioner to prohibit a title company from doing business if the Commissioner gives notice, holds a hearing and finds a willful violation of the section. But nothing in the language of the subdivision requires the Commissioner to give notice, hold a hearing or find a willful violation of the section.

We assume that had the Legislature intended to require the Commissioner to give notice and hold a hearing under section 12389, subdivision (d) upon learning of a willful violation of the statute, it would have said so. It did not. In order to construe a statute as imposing a mandatory duty, the mandatory nature of the duty must be phrased in explicit and forceful language. (*Gray v. State of California* (1989) 207 Cal.App.3d 151, 156 [254 Cal.Rptr. 581].) Here the language Lyons claims imposes a mandatory duty is anything but explicit and forceful.

Moreover, the Legislature has enacted a comprehensive plan in section 1010 et seq. that allows the Commissioner to take title to the assets of an insolvent or delinquent licensee. (§ 1011.) The Commissioner can liquidate

those assets and wind up the business of the licensee. (§ 1016.) The existence of such a plan shows that proceeding under section 12389, subdivision (d) is not mandatory.

Let a writ of mandate issue instructing the trial court to vacate its order overruling the demurrer and to sustain the demurrer and dismiss the complaint. The alternate writ having served its purpose is discharged. Petitioners are to recover costs.

Stone (S. J.), P. J., and Yegan, J., concurred.