Filed 6/27/13; pub. order 7/23/13 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
| --- | --- |
| THE H.N. AND FRANCES C. BERGER FOUNDATION,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JUAN C. PEREZ, as Director, etc. et. al.,<br><br>    Defendants and Respondents. | E054948<br><br>(Super.Ct.No. INC 10006073)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  Affirmed.

Barton, Klugman & Oetting, and Ronald R. St. John, for Plaintiff and Appellant.

Watt, Tieder, Hoffar & Fitzgerald, Robert C. Niesley, Donna R. Tobar, and Christopher M. Bunge, for Defendants and Respondents.

Plaintiff and appellant The H.N. and Frances C. Berger Foundation appeals the judgment of dismissal following the order granting the demurrer to its second

amended complaint for breach of contract, declaratory relief and petition for writ of mandate to compel defendants and respondents Juan C. Perez, as Director of the County of Riverside Transportation Department (RTD), County of Riverside (Riverside), and Travelers Casualty and Surety Company of America (Travelers) to enforce the terms of the Varner Road Improvements Agreements and Faithful Performance Bonds. Finding no errors, we affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

This action concerns real property located in the Palm Desert area of Riverside on Varner Road. Of the relevant 10 lots, eight were owned by Desert Gold Ventures, LLC (DGV), six of which were subject to a deed of trust in favor of plaintiff, and two were owned by plaintiff. On November 6, 2006, improvement agreements and securities were approved by RTD and Riverside. These agreements and securities concerned the construction of a road with drainage, water system, lighting, signing, and grading improvements and were referred to as the Varner Road Improvement Agreements (Agreements). On March 13, 2007, the Agreements were modified by an extension of time and substitution of security, whereby Faithful Performance Bonds (Bonds) were executed by Travelers. The Bonds issued by Travelers were to guarantee DGV's construction of certain improvements identified in the Agreements. Between 2006 and 2008, DGV completed some of the work under the Agreements but defaulted by failing to fully complete the work insured by the Bonds. In 2009, DGV defaulted on its obligations to plaintiff under the Deeds of Trust, and plaintiff

acquired the six lots through foreclosure. On or about December 29, 2010, Riverside and Travelers entered into an agreement whereby some of the improvements in the Agreements were excluded from the Bonds but others were not, and thus, Travelers was required to complete those improvements.

Plaintiff initiated this action on July 2, 2010, against RTD as a petition for writ of mandate to compel RTD to "publish for bidding the plans for the completion of the Varner Road Improvements Agreements and to further take such steps as are necessary to assure the completion of the Varner Road Improvements Agreements." Following the granting of a demurrer, plaintiff filed a first amended petition for writ of mandate and complaint for breach of contract on December 1, 2010, adding DGV, Travelers, and Richard R. Oliphant as additional defendants and including a breach of contract claim against these additional defendants. Defendants demurred, and the trial court found that plaintiff failed to show that Travelers was a party to the Agreements between DGV and Riverside, and that plaintiff was unequivocally an intended third party beneficiary of the Bonds issued by Travelers. Plaintiff was granted leave to amend.

Plaintiff's second amended complaint for breach of contract, petition for writ of mandate and declaratory relief was filed on March 18, 2011. Defendants again demurred.[1] As to the breach of contract claim, they argued that plaintiff was

_____

[1] Because this appeal involves only RTD, Riverside and Travelers, we limit our discussion of defendants' demurrers to the one filed by them.

neither a party to nor a third party beneficiary of the Agreements. Regarding the petition for writ of mandate, they argued that plaintiff failed to allege that RTD and Riverside had a ministerial duty to enforce the Agreements, nor did plaintiff have standing to enforce the Agreements. Finally, as to the declaratory relief claim, they argued that plaintiff had no standing to challenge their contractual relations with Travelers. The trial court agreed with defendants, finding that plaintiff was not a party to the Agreements or the Bonds between DGV and Travelers, respectively, and Riverside; that "Mandamus will not lie to enforce a purely contractual obligation," and that "Plaintiff has no legally cognizable theory on which to seek declaratory relief." Judgment of dismissal was entered on October 13, 2011. Plaintiff appeals.

## II. STANDARD OF REVIEW

We review de novo the trial court's rulings sustaining a defendant's demurrer without leave to amend. (*Schauer v. Mandarin Gems of Cal., Inc.* (2005) 125 Cal.App.4th 949, 955 (*Schauer*).) "'[W]e give the complaint a reasonable interpretation, and treat the demurrer as admitting all material facts properly pleaded, but not the truth of contentions, deductions or conclusions of law. We reverse if the plaintiff has stated a cause of action under any legal theory. [Citation.]' [Citation.]" (*Id*. at p. 955.)

## III. THIRD PARTY BENEFICIARY

According to plaintiff, the trial court erred in granting the demurrer without leave to amend because plaintiff had standing as a third party beneficiary to the

Agreements and Bonds.  "We begin with the rule that '[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute.'  [Citation.]  Where the complaint shows the plaintiff does not possess the substantive right or standing to prosecute the action, 'it is vulnerable to a general demurrer on the ground that it fails to state a cause of action.'  [Citations.]"  (*Schauer*, *supra*, 125 Cal.App.4th at p. 955.)  Here, the trial court held that plaintiff failed to allege it had standing to bring a claim because plaintiff was neither a party to the Agreements or Bonds, nor a third party beneficiary.

"Civil Code section 1559 provides:  'A contract, made expressly for the benefit of a third person, may be enforced by him [or her] at any time before the parties thereto rescind it.'  Because third party beneficiary status is a matter of contract interpretation, a person seeking to enforce a contract as a third party beneficiary '"must plead a contract which was made expressly for his [or her] benefit and one in which it clearly appears that he [or she] was a beneficiary."'  [Citation.]"  (*Schauer*, *supra*, 125 Cal.App.4th at p. 957.)  "'The action by a third party beneficiary for the breach of the promisor's engagement does not rest on the ground of any actual or supposed relationship between the parties but on the broad and more satisfactory basis that the law, operating on the acts of the parties, creates the duty, establishes a privity, and implies the promise and obligation on which the action is founded.'  [Citation.]"  (*Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1024 (*Spinks*).)

The intended beneficiary "bears the burden of proving that the promise he seeks to enforce was actually made to him personally or to a class of which he is a member. [Citations.]" (*Neverkovec v. Fredericks* (1999) 74 Cal.App.4th 337, 348-349, fn. omitted; see also *Spinks*, *supra*, 171 Cal.App.4th at p. 1024.) Although, generally, it is a question of fact whether a third party is an intended beneficiary of a contract, "if 'the issue is presented to the court on the basis of undisputed facts and uncontroverted evidence and only a question of the application of the law to those facts need be answered,' appellate review is de novo. [Citations.]" (*Spinks*, *supra*, at p. 1024.) Here, review is de novo. We simply look to the allegations in, and documents attached to, the second amended complaint to determine whether they demonstrate that plaintiff was a third party beneficiary. If such facts and allegations establish, as a matter of law, that plaintiff was not a third party beneficiary, then the trial court did not err in sustaining defendants' demurrer without leave to amend.

Plaintiff argues it did not have to be named in the Agreements or Bonds to be a third party beneficiary, and the intent to benefit plaintiff did not have to be a mutual intent by both parties to the Agreements and Bonds. Rather, plaintiff contends that standing lies because recent case law makes it clear that "there is no requirement that such [express] benefit be an ***exclusive*** benefit, nor that the third party be set forth by ***name***." (Bolding and italics in original.) Citing *COAC, Inc. v. Kennedy Engineers* (1977) 67 Cal.App.3d 916, 920, and *Kaiser Engineers, Inc.*

*v. Grinnell Fire Protection Systems Co.* (1985) 173 Cal.App.3d 1050, 1055,[2] plaintiff maintains the parties merely had to understand that plaintiff was an intended beneficiary. (*Spinks*, *supra*, 171 Cal.App.4th at p. 1023 ["'A third party may enforce a contract where he shows that he is a member of a class of persons for whose benefit it was made'"].) However, neither the pleadings nor the documents demonstrate that, as a matter of law, the parties to the Agreements and Bonds intended to benefit plaintiff, specifically.

In determining whether a contract was made for the benefit of a third person, we look to the terms of the contract. (*Spinks*, *supra*, 171 Cal.App.4th at p. 1022.) "'If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person. The parties are presumed to intend the consequences of a performance of the contract' [citations.]" (*Ibid.*) But "'it is not enough that the third party would incidentally have benefited from performance.' [Citation.] 'The circumstance that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement. The contracting parties must have intended to confer a benefit on the third party.'

---

[2] These cases are inapposite. In *COAC, Inc. v. Kennedy Engineers*, *supra*, 67 Cal.App.3d at pages 920-922, the plaintiff was determined to be a creditor beneficiary under the contract between a water district and defendants because the district was subject to an implied covenant to provide an environmental impact report as a necessary condition to plaintiff's performance of its contract. In *Kaiser Engineers, Inc. v. Grinnell Fire Protection Systems Co.*, *supra*, 173 Cal.App.3d at pages 1053, 1055 and 1056, cross-complainant Kaiser was an intended third party beneficiary of an express indemnity agreement between the cross-defendant Grinnell and the United States Department of Energy when one of Grinnell's employees sued Kaiser for injuries sustained at the construction site. Neither of these cases involved the factual situation before this court.

[Citation.]  'The effect of the section is to exclude enforcement by persons who are only incidentally or remotely benefited.'  [Citation.]"  (*Ibid.*)

Recognizing it was not named as an express beneficiary in the Agreements or Bonds, plaintiff maintains it has standing to enforce them as a member of the class for whose benefit they were made, namely, the property owners of the lots in the affected subdivision.  Because plaintiff owns most of such lots, it claims standing.  We disagree.

Ascertaining whether there was intent to confer a benefit on plaintiff as a third party beneficiary is a question of ordinary contract interpretation.  (*Spinks*, *supra*, 171 Cal.App.4th at p. 1023.)  In interpreting a contract, we give effect to the parties' intent as it existed at the time of contracting.  (Civ. Code, § 1636; *Spinks*, *supra*, at p. 1023.)  "Intent is to be inferred, if possible, solely from the language of the written contract.  [Citations.]"  (*Ibid.*)  In construing a contract, the court looks to "'the circumstances under which it was made, and the matter to which it relates.'  (Civ. Code, § 1647.)  'In determining the meaning of a written contract allegedly made, in part, for the benefit of a third party, evidence of the circumstances and negotiations of the parties in making the contract is both relevant and admissible.'  [Citations.]  [¶]  Additionally, a court may consider the subsequent conduct of the parties in construing an ambiguous contract.  [Citation.]  In determining intent to benefit a third party, the contracting 'parties' practical construction of a contract, as shown by their actions, is important evidence of their intent.'  [Citation.]"  (*Spinks*, *supra*, at p. 1024.)

In reviewing the trial court's ruling on defendants' demurrers, this court is limited to evaluating whether the Agreements and Bonds are susceptible to plaintiff's interpretation, based on the pleaded facts and the documents attached to the operative complaint. According to the Agreements and the Bonds, plaintiff was not a named party, not an intended signatory, or even expressly identified in any capacity, let alone as a third party beneficiary. The Agreements and the Bonds do not reflect the intent of the contracting parties to confer any of the rights or impose any of the obligations of the contracts to anyone or any group or class other than themselves, their successors or assigns. More important, they do not reference any benefits to be conferred to the third persons in the general class of private property owners of the affected tract. Instead, the language in the Agreement is clear: "[DGV], for and in consideration of the approval by [Riverside] of the final map of that certain land division known as **Tract 34484**, hereby agrees, at [DGV's] own cost and expense, to furnish all labor, equipment and materials necessary to perform and complete . . . all road and drainage improvements . . . ." (Underlining and bolding in original.) Riverside "shall not, nor shall any officer or employee of [Riverside], be liable or responsible for any accident, loss or damage happening or occurring to the works specified in this agreement prior to the completion and acceptance thereof, nor shall [Riverside] or any officer or employee thereof, be liable for any persons or property injured by reason of the nature of the work, or by reason of the acts or omissions of [DGV] . . . in the performance of the work . . . ." DGV agreed to construct the

improvements for Tract 34484 in exchange for Riverside's approval of the final map for Tract 34484. Riverside did not promise to complete the construction in the event of DGV's default. Similarly, the Bonds did not create some obligation on the part of either Riverside or Travelers as to plaintiff.

While DGV intended to develop the property, nothing in the Agreements and Bonds states or implies they were intended to benefit plaintiff or the class of property owners of the lots in the affected subdivision. Any such benefits are unspecified and merely incidental to the purpose and intent of the Agreements. "The effect of Civil Code section 1559 providing that '[a] contract made expressly for the benefit of a third person, may be enforced by him' is to exclude persons only remotely or incidentally benefited." (*Spector v. National Pictures Corp*. (1962) 201 Cal.App.2d 217, 224.) While plaintiff does not have to be named in the Agreements and Bonds in order to be a third party beneficiary, there must be language in them or extrinsic evidence that the promisor, Riverside or Travelers, understood that the promisee (DGV) entered into the Agreements and Bonds with the intent that they benefit plaintiff or a class of individuals encompassing plaintiff. (*Ibid*.) There is no such language in the Agreements and Bonds or factual allegations in the second amended complaint demonstrating any intent. Moreover, the circumstances and negotiations of the parties, coupled with the subsequent conduct of the parties fail to establish any intent. The pleadings and attached documents demonstrate as a matter of law that none of the parties to the Agreements and Bonds intended that the purpose and intent of the Agreements and

Bonds was to benefit specifically plaintiff or a class of individuals encompassing plaintiff. Thus, neither plaintiff nor any other property owner is an intended third party beneficiary of the Agreements and the Bonds. Rather, they are merely incidental beneficiaries.

## IV. WRIT OF MANDATE

A traditional writ of mandate brought under Code of Civil Procedure section 1085 compels "performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ." (Code Civ. Proc., § 1085, subd. (a).) This type of writ petition "seeks to enforce a mandatory and ministerial duty to act on the part of an administrative agency or its officers. [Plaintiff] therefore had to show: (1) a clear, present, and usually ministerial duty to act; and (2) that [it] had a clear, present and beneficial right to have that duty performed. Mandate will not issue if the duty is not plain or is mixed with discretionary power or the exercise of judgment." (*Los Angeles County Prof. Peace Officers' Assn. v. County of Los Angeles* (2004) 115 Cal.App.4th 866, 869.) That is, a writ "will not lie to control the discretion conferred upon a public officer or agency. [Citation.] The latter rule derives from the view '"courts should let administrative boards and officers work out their problems with as little judicial interference as possible. . . ."' [Citation.]" (*State Bd. of Education v. Honig* (1993) 13 Cal.App.4th 720, 741.) Here, the trial court ruled that mandamus will not lie to enforce a purely contractual obligation or to enforce the contractual obligations of a public body. (*McDonald v. Stockton Met. Transit Dist.* (1973) 36 Cal.App.3d

436, 442 ["mandamus is not appropriate to enforce the contractual obligations of a public body"]; *California Teachers Assn. v. Governing Board* (1984) 161 Cal.App.3d 393, 399 [mandamus is not appropriate where the act which a plaintiff seeks to compel is not an act required by law].)

Government Code section 66462, subdivision (c) requires that a subdivision performance bond be obtained to guarantee the underlying subdivision agreement. Because there is no requirement that the public entity enforce any specific obligations regarding the property's improvements, the public entity has discretion to determine the scope of improvements to be performed and bonded. All of the bond obligations are matters of contract. (Civ. Code, § 2837 [surety bond interpreted same way as other contracts].) Here, upon DGV's default, Riverside exercised its discretion and entered into a contractual agreement with Travelers, modifying the scope of improvements to be performed under the underlying Agreements. Plaintiff offers no authority proscribing such modification.

As defendants point out, "California law is clear that contractual obligations under surety performance bonds or other agreements, such as the Subdivision Agreements, do not extend to third parties unless there is contractual language *clearly* showing an intent to benefit third parties." (*Morro Palisades Co. v. Hartford Accident & Indemnity Co.* (1959) 52 Cal.2d 397, 401 (*Morro*) ["the right to recover under the bond appears clearly to be a right of the county rather than of the owner of a portion of the property which might be affected by the [contractor's] default"]; *Ragghianti v. Sherwin* (1961) 196 Cal.App.2d 345, 349.)

In *Morro*, a subdivider gave the county of San Luis Obispo a bond to insure faithful performance of an agreement to improve the streets and roads in a subdivision tract. The county assigned the bond to a landowner in the tract. The landowner sued on the bond to recover for the subdivider's failure to complete the road work. Our state's highest court affirmed the judgment of dismissal, holding that the county had no power to convey such a bond, which was for the benefit of the county rather than the owner of the land affected by the default. (*Morro*, *supra*, at p. 401.) In this case, there was no assignment of any rights. Rather, plaintiff claims a third party beneficial right. However, as previously noted, while plaintiff will benefit from the execution of the Agreements, it does not follow that plaintiff was a third party beneficiary to them. Thus, plaintiff has no right to enforce or recover under the Agreements and Bonds.

Contrary to plaintiff's claim, this case is not similar to *Terminal Plaza Corp. v. City and County of San Francisco* (1986) 186 Cal.App.3d 814 (*Terminal Plaza*). In *Terminal Plaza*, the City and County of San Francisco approved construction of an office building subject to the condition that the developer build a 12-foot-wide mid-block pedestrianway to accommodate increased foot traffic. (*Id.* at p. 819.) The developer later asserted that its duty to construct the pedestrianway was contingent on the city's construction of a pedestrian bridge, and if the bridge were constructed, the developer could fulfill its obligation by making available to the city a four-and-one-half-foot strip of property between the office building and an adjacent property. (*Id.* at pp. 824-825, 827.) A corporation

that owned the adjacent property jointly with the developer of the office building brought a petition for writ of mandate seeking to compel the city to enforce the condition. The corporation apparently feared that the city would attempt to acquire its interest in the jointly-owned property by eminent domain. The trial court denied the petition, but the appellate court reversed. (*Id*. at p. 839.) The court held that (1) the resolution was clear and unambiguous and required the developer to construct a 12-foot-wide pedestrianway without using the jointly-owned property in the absence of the corporation's consent; (2) the duty to construct the pedestrianway was a current duty, subject to enforcement by writ of mandate, and not contingent on the city's construction of a pedestrian bridge; and (3) the zoning administrator did not have discretion to interpret the resolution or prosecutorial discretion to refuse to enforce it. (*Id*. at pp. 825-836.) Unlike the facts before this court, in *Terminal Plaza*, the construction of an office building was subject to the condition that the developer build a 12-foot-wide mid-block pedestrianway to accommodate increased foot traffic. (*Id.* at p. 819.) Here, there were no required conditions.

Notwithstanding the above, plaintiff argues that "[s]ometimes a mandamus petition involving a contract will also involve issues of discretion, as sometimes a municipal entity has discretion as to how to implement a contract, and sometimes implementation of a contract is nondiscretionary." Plaintiff adds that "[w]here there is no adequate remedy at law, and where the local government duty is nondiscretionary, then mandamus *is* an appropriate remedy even where the

substance of the action is to enforce a contract, or compel the entity or officer to enforce rights under a contract." (Italics and bolding in original.) According to plaintiff, mandamus is appropriate to compel defendants to enforce the terms of the Agreements and Bonds in order to compel completion of the improvements to Varner Road. We disagree.

None of the statutory enactments cited by plaintiff imposes a mandatory duty on defendants to enforce the Agreements or Bonds. "In order to construe a statute as imposing a mandatory duty, the mandatory nature of the duty must be phrased in explicit and forceful language. [Citation.]" (*Quackenbush v. Superior Court* (1997) 57 Cal.App.4th 660, 663.) Even the express language in the Agreements and the Bonds do not mandate such enforcement, nor restrict Riverside from modifying them. According to the Agreements, approval of the final map was conditioned upon the satisfactory completion of the improvements contemplated. However, in the event of default, "[Riverside] shall have the power, on recommendation of the Director of Transportation, to terminate all rights of [DGV] because of such default." In response to DGV's default, Riverside and Travelers entered into an agreement whereby some of the improvements in the Agreements were excluded from the Bonds but others were not, and thus, Travelers was required to complete those improvements.

Moreover, plaintiff has not established that its claim is a consequence that was contemplated by the statutory enactments requiring surety bonds. (Cf. *Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 499.) The statutory enactments

requiring the Bonds were not intended to protect plaintiff as a property owner. (See *Morro*, *supra*, 52 Cal.2d at pp. 401-402 ["It is the county which is indemnified by the express terms of the bond against loss," which "may thus be likened to faithful performance bonds required by statute from contractors on state public works [citation] and on county building contracts [citation]."].) Instead, the purpose of requiring the Bonds was to protect Riverside and the public. (*County of Yuba v. Central Valley Nat. Bank, Inc.* (1971) 20 Cal.App.3d 109, 112 ["purpose for requiring security for street improvement work is to insure faithful performance of a subdivider's obligation to place streets in a proper condition for use by the public"].)

Based on the above, we affirm the ruling in favor of defendants.

## V. DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.


    HOLLENHORST   

    

Acting P. J.
We concur:

   MCKINSTER      
                   J.

   RICHLI         
                   J.

Filed 7/23/13

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE H.N. AND FRANCES C. BERGER FOUNDATION, | E054948 |
| Plaintiff and Appellant, | (Super.Ct.No. INC 10006073) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| JUAN C. PEREZ, as Director, etc. et. al., | |
| Defendants and Respondents. | |

A request having been made to this court pursuant to California Rules of Court, rule 8.1120 for publication of a nonpublished opinion heretofore filed in the above-entitled matter on June 27, 2013, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c)(2);

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(c)(2). The opinion filed in this matter on June 27, 2013, is certified for publication.

　　　　　　　　　　　　　　　　　　　　　　　　　HOLLENHORST
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Acting P.J.

We concur:

　　　MCKINSTER
　　　　　　　　　　　J.

　　　RICHLI
　　　　　　　　　　　J.